<em>Middlesex,<br>July, 1836.</em><br><br>Middletown<br>Savings Bank<br><em>v.</em><br>Bates.

In this opinion the other Judges concurred.

New trial to be granted.

---

## The Middletown Savings Bank *against* Bates.

Where a member of the *Middletown Savings Bank*, who was not a depositor or stockholder therein, who under the charter was a mere trustee, and who had in fact no interest in the event of the suit, was offered as a witness for the institution, in a suit to which it was a party ; it was held, that he was a competent witness.

Where A mortgaged lands to B, and A afterwards leased the same lands to C, who entered under A ; and while C was thus in possession as the tenant of A, paying him rent, B brought ejectment against A for such lands ; it was held, that the action was sustainable.

THIS was an action of ejectment ; tried at *Middletown, February* term, 1835, before *Bissell*, J.

The plaintiffs claimed title to the demanded premises, by virtue of two mortgage deeds, purporting to have been executed by the defendant to the plaintiffs, conditioned for the payment of two notes, one for 1500 dollars, the other for 1000 dollars. To prove the execution of these deeds, the plaintiffs offered *Augustus Cook,* a subscribing witness, and *Henry Carrington,* who, being enquired of as to their interest, stated, that at the time of the execution of the deeds, they were trustees of the *Middletown Savings Bank,* according to the provisions of the charter ; but that neither of them was a depositor or stockholder therein ; and they had no interest in the event of the suit, unless the mere fact of their being trustees under the charter, made them so interested. The defendant objected to these persons as incompetent witnesses ; but the judge overruled the objection and admitted them.

The plaintiffs offered evidence to prove, and claimed that they had proved, that the defendant, at the date and service of their writ, was in the actual possession of the demanded premises, except two dwelling-houses situated thereon, and three gardens adjoining thereto ; and in respect to these, they claimed to have proved, that they were held by tenants of the defendant, by leases given subsequently to the execution of the mortgage deeds ; and that he received the rents of these tenements from his tenants. The defendant denied, that he was in possession of any part of the premises, either by himself or his tenants. He further insisted, that although the jury should find, that his tenants were, at the date and service of the writ, in possession of said dwelling-houses and gardens, by virtue of leases given subsequently to the execution of the mortgage deeds, and were paying to the defendant rent therefor ; yet this was not, in contemplation of law, an ouster by him ; and that, as to such portions of the demanded premises, the verdict must be for the defendant ; and he prayed the judge so to charge the jury. The judge did not so charge the jury ; but told them, that the plaintiffs were bound to prove a title in themselves, and an ouster by the defendant ; and if they should find, that the defendant was in possession of said houses and gardens, by his tenant, who entered thereon under him, and by virtue of a lease or leases given subsequently to the execution of the

mortgage deeds, they might find a disseisin by the defendant, and a verdict, as to that part of the premises, in favour of the plaintiffs.

The jury returned a verdict for the plaintiffs, accordingly ; and the defendant moved for a new trial, for error in the interlocutory decision of the judge, and for a misdirection.

*Stanley*, in support of the motion, contended, 1. That *Cook* and *Carrington* were not competent witnesses, because they were members of the corporation and plaintiffs in the action, at the time of testifying. Where, in case even of towns, inhabitants have been admitted as witnesses, it has been solely on the ground of *necessity*. *Smith*, exr. v. *Barber*, 1 *Root* 207., cited and commented on, 2 *Root*, 312. No such necessity could exist in this case. Trustees, whether incorporated or not, are subject to a qualified liability. Suppose an action were brought against the corporation for fraud, negligence, or misfeasance ; could the members be witnesses for the corporation—*i. e.* to exonerate themselves ?

2. That a mortgagee can maintain ejectment only against the mortgagor, or against the tenant of the mortgagor, commencing after the mortgage ; and in either case, only against the party in possession. *Esp.* on *Ev.* 207. In every case of wrong, action lies against the wrong-doer only. In personal and mixed actions, the wrong may be proved to have been done by agents ; but in real actions, the action must be brought against the tenant in possession. 1 *Chitt. Plead.* 65. *Goodright* d. *Balch* v. *Rich* & al. 7 *Term Rep.* 333, 4, 5. The same rule applies in this state. Ejectment, though in form a mixed action, is, in regard to the object and the remedy, a real action. 1 *Sw. Dig.* 474. The general principle, that no man's rights shall be adjudicated upon, without giving him an opportunity to defend, is applicable to this case ; and the universal practice is in accordance with the principle. The nature and extent of the interest of the tenant cannot be investigated, unless he be made a party. 1 *Sw. Dig.* 506. 509. 7 *Term Rep.* 333.

*Hungerford*, contra, insisted, 1. That the testimony of *Cook* and *Carrington* was admissible, inasmuch as they are neither parties to the suit, nor have any interest in the event of it.

*Middlesex,*
*July, 1836.*

*Middletown*
*Savings Bank*
*v.*
*Bates.*

2. That the defendant having leased a part of the premises, after his mortgage was executed to the plaintiffs, and the tenant having entered under the lease, the defendant receiving the rent, the action of disseisin will lie against him. *Rockwell & al.* v. *Bradley,* 2 *Conn. Rep.* 1. *Wakeman & al.* v. *Banks,* 2 *Conn. Rep.* 445. *Emerson* v. *Goodwin,* 9 *Conn Rep.* 422. 2 *Bac. Abr.* 334. 337. (*Gwil.* ed.) *Chirac & al.* v. *Reinicker,* 11 *Wheat.* 280. It is peculiarly the interest of the landlord to defend. If the tenant is lawfully ejected, the landlord loses his rent.

BISSELL, J. This motion has been supported on two grounds. The first is, that the judge on the circuit admitted *Henry Carrington* and *Augustus Cook,* Esquires, to testify in the cause.

It is claimed, that they were incompetent witnesses. From their examination, it appears, that they were trustees of the *Savings Bank ;* but that they were neither stock-holders nor depositors. Nor had they any interest in the event of the suit, unless the fact of their being trustees created such an interest. Now, it is impossible to conceive how that circumstance should create any interest whatever. The charter, under which they derive their appointment, requires, that they shall manage this fund, for the benefit of others, and expressly forbids that they shall receive any compensation for their services. They, then, are trustees merely. They are not parties to the record ; nor have they any imaginable interest in the fund, which is to be affected by the termination of this action. And it is, surely, too late, now to agitate the question, whether a mere trustee, without an interest, is a competent witness. The point has been too often decided. *Comstock* v. *Hadlyme,* 8 *Conn. Rep.* 254. *Sears* v. *Dillingham,* 12 *Mass. Rep.* 360.

The other question in the case arises out of the charge to the jury.

The action was brought by mortgagees against the mortgagor. And in regard to that portion of the mortgaged premises, now in controversy, it was admitted, that they were in possession of tenants of the defendant, in virtue of leases given subsequently to the mortgage ; and that he was in the reception of the rents and profits. Upon this state of facts, the jury were instructed, that they might find a disseisin by the defendant, and of course, a verdict in favour of the plaintiffs.

*Middlesex,*
July, 1836.

Middletown
Savings Bank
*v.*
Bates.

The record, then, presents this precise question : Whether an ejectment lies, in favour of a mortgagee, against a mortgagor, who is in possession of the mortgaged premises, by his tenant, taking to himself the rents and profits, and by a lease made subsequent to the mortgage ? And the question would not seem to be difficult of decision, if we look, for a moment, at the liability of the mortgagor, in connection with the corresponding rights of the mortgagee. Now, in regard to the mortgagor, it is well settled, that he is liable to be ejected from the premises before the expiration of the law day, and without any previous notice to quit. *Rockwell* v. *Bradley*, 2 *Conn. Rep.* 1. *Wakeman* v. *Banks*, 2 *Conn. Rep.* 445. Of course, the mortgagee may treat the mortgagor as a wrong-doer, and maintain an action of ejectment against him, immediately upon the execution and delivery of the mortgage deed.

And what is it incumbent on him to prove, in order to sustain the action ? Title in himself, and an ouster by the defendant. Here, the title being admitted, the only question was, whether the defendant had, in contemplation of law, been guilty of an ouster ? Had he remained in possession, or had he entered and taken possession in his own person, and retained it against the mortgagee, there would have been no doubt. And does it vary the case, that he has entered by his tenant, from whom he receives the rents and profits ? The answer to this enquiry would seem to be involved in the very terms of the question. And it is only necessary to apply to the case the very familiar and well settled principle, that the possession of the tenant is the possession of the landlord. *Emerson* v. *Goodwin*, 8 *Conn. Rep.* 422. *Chirac* & al. v. *Reinicker*, 11 *Wheat.* 280. The application of this principle at once obviates the objection so much insisted on at the bar, and in support of which, a number of authorities have been cited, that the action can only be maintained against the person in possession. Suppose this tenancy had continued for more than fifteen years, the defendant all the while denying the title of the plaintiffs ; whose would have been the disseisin ? And upon whom would the title, acquired by an adverse possession of more than fifteen years, have devolved ? Upon the landlord, or the tenant ? Most clearly upon the former. Upon what ground, then, can he now claim, that he has not committed an ouster ? Does not the case stand on the same ground as if he had commanded a

third person to enter, or had put him in possession with force and *strong* hand? And could there be any doubt in such a case? It is laid down, that where one person counsels or commands another to disseise a third person, although he is called a counsellor, commander, or a coadjutor, yet he is a disseisor, in respect to the person disseised; and that he, as well as the *person to whose use the disseisin is made, is liable to the assize* of the disseisee. 2 *Bac. Abr. tit.* Disseisin. A. *Co. Litt.* 180. *Rol. Abr.* 663.

It is not, then, surely, for this defendant to complain, that his rights are invaded, or that any injustice is done to him, by making him a *party to this action*. The defence has not, indeed, been urged on that ground. But the rights of the tenant have been interposed. It is said, he is liable to be turned out of possession upon the execution, although he was no party to the judgment, and had no opportunity of defending his title. This is true; and it may be a hardship. But it is one which grows out of the nature of the action. The same difficulty would have existed, had he entered after action brought, and without any notice of its pendency. And if, in either case, he is liable to be turned out before the expiration of his lease, and without notice, it is in consequence of his own folly, in entering under a man, who could give him no title, except one subject to this infirmity. It should, however, be remarked, that no rights of his are concluded, by this judgment. He may, in an action hereafter brought, to recover back the possession, show that he has a title paramount to that of the mortgagees.

We are satisfied, that the ruling upon the circuit was right, and therefore, deny the motion.

In this opinion the other Judges concurred.

New trial not to be granted.