JOHN NOTT *vs.* N. F. BURGESS *et al.*

APPEAL FROM THE CHANCELLOR.

JULY TERM, 1885.

JUDD, C. J.; MCCULLY and PRESTON, JJ.

If there is no express stipulation to the contrary, the right of possession of mortgaged chattels vests in the mortgagee immediately upon the execution of the mortgage ; only the right to redeem passes to the assignees in Bankruptcy of the mortgagor.

*Fallon vs. Robinson*, 2 Hawn., 227, approved.

Demurrer to a bill in equity sustained, on the ground that plaintiff had an adequate remedy at law; distinguishing *Ahuna vs. Kauahikaua*, 3 Hawn., 730.

Decree affirmed.

DECISION OF THE CHANCELLOR, APPEALED FROM.

This is a bill of John Nott, a mortgagee of certain goods, being the tools and stock in trade of one C. Smith, a tin-smith and plumber in Honolulu, alleging that the mortgaged property remained in possession of said Smith until May 15th when he surrendered possession to the mortgagee and gave him a bill of sale of said property.    That on the next day Smith under duress executed and delivered to N. F. Burgess an assignment of all his property including said mortgaged property : That thereafter Burgess took forcible possession of the goods and now holds them and refuses to deliver possession of the goods and claims the right to sell them and has sold some of the goods, and that Theo. H.

Davies & Co., creditors of said Smith, threaten to put him into bankruptcy, and take possession of the mortgaged property. The bill alleges threatened irreparable injury to his security and loss of the mortgaged property and prays for an injunction against the defendants disposing or interfering with the mortgaged property, or bringing proceedings to take possession of it : That the Court ascertain and determine the property covered by the mortgage and order defendants to deliver the same to a Receiver with proceeds of sales of said mortgaged property.

It is not claimed by the plaintiff that the injunction would prevent any creditor from commencing proceedings to adjudge Smith a bankrupt.

The demurrer of Theo. H. Davies & Co. raises the question whether an assignee in bankruptcy is entitled to the possession of the mortgaged property as against the mortgagee. The question would seem to be prematurely raised, as *non constat* that proceedings in bankruptcy will be begun; but the demurrer raises the question fairly enough on the allegation that these proceedings are threatened. Certainly if Smith is declared a bankrupt, an order to the Marshal to take possession of his goods will issue as a matter of course.

I think the law is well settled that if there be no express stipulation to the contrary, the right of possession of mortgaged chattels vests in the mortgagee immediately upon the execution of the mortgage, whether the mortgage be due and payable or not. See Jones' Chattel Mortgages, Sec. 426 and numerous cases there cited.

It was also held in *Fallon vs. Robinson et al*, 2 Hawn. 227 : The Court says that only the right to redeem passed to the assignees in bankruptcy, provided the mortgage was valid.

The title is vested by the mortgage in the mortgagee subject to be defeated by a condition subsequent, *i. e.* payment.

Chief Justice Shaw said in *Coles vs. Clark*, 3 Cush. 401, "We must take it as settled, that a mortgage of a chattel vested a property in the mortgagee ; not an absolute title, indeed, but a present title, defeasible upon a condition subsequent. An actual delivery and change of possession is not necessary to perfect the mortgagee's title; if the mortgage is duly recorded, the registration of

the mortgage supersedes the necessity of an actual delivery and gives all parties concerned constructive notice of its execution or existence.   *   *   *   Another consequence of this relation is that, as a general rule, the right of possession follows the right of property, and, therefore, where there is no restraining stipulation, the mortgagee, having the right of property until defeated by the performance of the condition, has as incident thereto the right of possession and may therefore take the goods into his own custody, or maintain trespass or trover for them, against any one who takes or converts them to his own use."

See also *Boise vs. Knox*, 10 Met. 40.  *Landon vs. Emmons*, 97 Mass. 38.  *Hall vs. Sampson*, 35 N. Y. 274.

As to the demurrer of Burgess, the principal point raised is that equity has no jurisdiction since there is a complete and adequate remedy at law.  It is clear from what has been already said that the mortgagee Nott has the right to immediate possession.   The mortgage does not stipulate that the mortgagor is to retain the possession and, as we have seen, in absence of any such stipulation the mortgagee has the right to immediate possession. It is also clear, as we have seen, that the mortgagor can maintain trespass or trover against any one who converts the goods, or replevin, as the case may be.

In *McKibbin vs. Spencer*, 3 Hawn., 574, this Court sustained a demurrer to a bill in equity on the ground that the allegations showed a cause of action in trespass only, and it did not appear from the bill that the defendant was committing great and irreparable injury and was incapable of responding in damages. As there stated, "the consideration and principle upon which the Court interferes by way of injunction rests upon irreparable injury."

In Jones on Chattel Mortgages, Sec. 450, the author says, "the mortgagee is not entitled to an injunction restraining a sale of the mortgaged property under execution by a creditor of the mortgagor, when the property was in the possession of the mortgagee when it was seized, provided that the property is such that its value is ascertainable and measurable in money, for in that case the remedy at law is inadequate"—quoting from an Illinois case.

An exception to this rule exists where the chattels are articles of antiquity or curiosity, memorials of affection, etc.  But in our

case the value of the chattels is ascertainable and is wholly measurable by money.

No injury can be said to be irreparable which can be compensated by damages. There are no allegations in the bill by which the contrary might appear nor does the bill allege that Burgess is incapable of responding in damages.

Jones on Chattel Mortgages, however, quotes from some Maryland and New Jersey cases in which the courts hold that a mortgagee, in case of apprehended danger of loss of the mortgaged property, may have a receiver appointed, even before his right to foreclose had accrued, in order to preserve the mortgaged property from destruction, so that it may answer the purpose of the mortgage.

See Jones, Sec. 451 and Sec. 787, where it is stated that "the general rule is that a receiver may be appointed, although the mortgagee has the legal title and might enforce his possession at law, whenever equitable grounds for such relief can be shown, among which are inadequacy of property to secure the debt, the insolvency of the mortgagor, and danger that the property will be lost or materially injured." The cases from which this is derived are not accessible to me, and I am not satisfied with their reasoning, and I see no equitable grounds alleged in this bill why the mortgagee cannot be fully indemnified by legal proceedings. There is no schedule of the mortgaged property annexed to the mortgage, and the difficulty suggested, of picking out the mortgaged chattels from the other property of the mortgagor, would exist in an action at law as well as in equity.

I am aware that this Court in *Ahuna vs. Kauahikaua*, 3 Hawn., 730, in decreeing specific performance of a contract for sale of a rice crop, went quite far in sustaining the jurisdiction of equity where it seemed the party injured could be compensated in damages. But the Court say that there was a doubt whether the plaintiffs would have an adequate remedy, as it was uncertain what the quantity or quality of the crop would be until it was harvested.

On the ground, therefore, that the plaintiff can obtain full compensation at law, I think the demurrer should be sustained. The other points raised I do not consider material.

Honolulu, June 22, 1885.

OPINION OF THE FULL COURT, BY PRESTON, J.

This is an appeal by the plaintiff against a decree made by the Chancellor, on the 22d day of June last, whereby he dismissed the bill for want of Equity.

On a perusal of the papers in the case and the opinion of the Chancellor, we think the decree was properly made; at the same time we adopt the principle stated by the Chancellor, as to the effect of a chattel mortgage upon the property comprised therein.

The appeal is therefore dismissed with costs.

*Kinney & Peterson,* for plaintiff.

*F. M. Hatch,* for Theo. H. Davies & Co.

*Ashford & Ashford,* for Burgess and Smith.