## LUCY K. PEABODY *v.* LEONG YEN.

### No. 1323.

APPEAL FROM DISTRICT MAGISTRATE OF HONOLULU.

ARGUED APRIL 20, 1921.                    DECIDED MAY 4, 1921.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE DEBOLT IN PLACE OF EDINGS, J., ABSENT.

CHATTEL MORTGAGE—*effect of where mortgagor retains possession.*

> In this jurisdiction a·chattel mortgage, the mortgagor remaining in possession, does not transfer the title to the mortgagee—it merely gives the mortgagee security upon the property.

LANDLORD AND TENANT—*covenant against assignment—effect of mortgage.*

> A covenant against assignment contained in a lease is not broken by the execution of a mortgage covering the leasehold property where the mortgagor retains possession of the property.

OPINION OF THE COURT BY COKE, C. J.

The plaintiff, appellant, is the owner of a tract of land at the corner of Vineyard and River streets in the city of Honolulu containing an area of approximately one-half

of an acre. On January 20, 1919, she executed a lease of
the property to the defendant, appellee, which lease con-
tained the following clause: "That he (the lessee) will
not make or suffer any strip or waste or unlawful or
improper use of said premises *nor without the consent in
writing of the lessor assign this lease.*" The lessee went
into possession of the premises and at all times since has
been, and still is, in possession thereof. On January 7,
1921, the appellee executed a mortgage of said leasehold
to one Chong Kam Sing and again on January 10, 1921,
executed another mortgage covering the same property
to one L. Ah Fun and others, all of which was without
the consent of the plaintiff. On January 24, 1921, the
plaintiff caused notice to be given to the lessee of her
reentry upon the demised premises and of a termination
of said lease because of the alleged breach of the condi-
tions thereof and a forfeiture of the estate thereby con-
veyed, justifying her action and basing her claim upon
her contention that the mortgages executed by the lessee
constitute a breach of the covenant in the lease against
assignment. The lessee refused to surrender possession
of the land and plaintiff thereupon instituted her action
in the district court of Honolulu praying for judgment
against the defendant for summary possession of the land
in question upon the grounds aforesaid.

At the conclusion of the trial the district magistrate
rendered judgment for the defendant and the plaintiff
has prosecuted an appeal to this court upon the sole point
of law, to wit, "That the execution of a mortgage upon
the leasehold described in the complaint herein consti-
tutes a breach of the covenant or restriction against the
assignment of same contained in the indenture creating
the said leasehold." The question involved is thus clearly
defined. Both parties to the controversy rely largely
upon the prior decisions of this court. The same question

has been considered by this court in one phase or another on numerous occasions but its decisions are not in entire harmony. One of the earlier cases is *Nott* v. *Burgess,* 5 Haw. 420. The principal point decided in that case is that in the absence of an express stipulation to the contrary the right of the mortgagee to the possession of the mortgaged chattels vests immediately on the execution of the mortgage. Another leading case is *Wundenberg* v. *Campbell,* 9 Haw. 203, where on page 209 the court made use of the following language: "By the practice of this court a chattel mortgage, the mortgagor remaining in possession, does not transfer the title to the mortgagee—it merely gives the mortgagee security upon the property." In *Allen* v. *Lucas,* 15 Haw. 52, the majority opinion of the court while it reviewed the question at some length did not determine the same one way or the other but merely held that a mortgagee has sufficient title or interest after default by the mortgagor to enable him to bring a statutory action to quiet title against third parties. The decision in *Inter-Is. Tel. Co.* v. *Liliuokalani,* 16 Haw. 605, is important in that it adopts the New York rule to the effect that while the property remains in possession of the mortgagor and the conditions of the mortgage are unbroken he has an interest therein subject to his control and which he may sell and deliver. The purchaser would of course take subject to the lien of any existing mortgage. And finally, and we think conclusive of the question, is the unequivocal expression of this court in *Territory* v. *Tsunekichi,* 23 Haw. 813, at 819, where the court after quoting the definition and effect of a chattel mortgage as set forth in 6 Cyc. 985, 986, says: "In this jurisdiction it has been held that title to the property does not pass to the mortgagee unless or until he takes possession of it." In the early day history of mortgages there was much diversity of opinion in respect to the effect thereof

and of the rights of the parties thereunder. There was a fierce controversy as to whether the common law doctrine which looked upon a mortgage as an absolute conveyance of the property mortgaged, defeasible only through the satisfaction thereof, or the equity doctrine which treated a mortgage merely as security for the payment of a debt or the performance of some duty, should prevail. Lord Mansfield from the King's Bench said: "It is an affront to common sense to say the mortgagor is not the real owner." Many attempts have been made to state a perfectly harmonious system of law in regard to mortgages but complete success has never attended them. In the United States the decisions are conflicting and the subject has been further complicated by the enactment of inharmonious legislation. The New York courts at an early date took the lead in adopting the less harsh and more modern doctrine recognized as the equity rule. See *Bryan* v. *Butts,* 27 Barb. 503. The Supreme Court of the United States in *American Bridge Co.* v. *Heidelbach,* 94 U. S. 798, held that upon default the mortgagee had the option to take possession of the mortgaged premises or to file a bill, have a receiver appointed and possession delivered to him. The court further held that until one or the other was done the mortgagor was the owner of the property to all the world. This is in direct line with the most recent expression of the supreme court of Hawaii in *Territory* v. *Tsunekichi, supra,* which we think correctly expresses the local law upon the subject. See *Barron* v. *San Angelo National Bank,* 138 S. W. 142; *Glass* v. *Ellison,* 9 N. H. 69; *Middletown Savings Bank* v. *Bates,* 11 Conn. 519; *Harper* v. *Ely,* 70 Ill. 581.

Entertaining the views which we have herein expressed we hold that the giving of the mortgage or mortgages by the appellee herein was not in violation of the covenant against assignment contained in the lease in question.

Syllabus.

Judgment affirmed.

*Marguerite K. Ashford* (*W. B. Lymer* with her on the brief) for plaintiff.

*F. M. Brooks* for defendant.