THE NEW JERSEY TRUST AND SAFE DEPOSIT COMPANY, EXECUTOR, &c., PLAINTIFF IN ERROR, v. THE CAMDEN SAFE DEPOSIT AND TRUST COMPANY, DEFENDANT IN ERROR.

The testimony of officers or directors of a corporation, called as witnesses in its behalf in an action in which it is a party, is not testimony given by the corporation, and, consequently, is not rendered incompetent by the proviso of the supplement to the "Act concerning evidence," approved February 25th, 1880 (*Rev.*, *p.* 287), which declares that a party to an action in cases where his adversary sues or is sued in a representative capacity, shall not be permitted to give testimony as to any transaction with or statement by any testator or intestate represented in said action.

On error to the Supreme Court.

For the plaintiff in error, *E. Ambler Armstrong* and *William E. Potter*.

For the defendant in error, *David J. Pancoast*.

The opinion of the court was delivered by

GUMMERE, J. On the trial of this cause, certain officers and directors of the defendant corporation were offered as witnesses in its behalf, and they were permitted, against objection, to testify concerning transactions with and statements by the testator, represented by the plaintiff in error. The ground upon which the objection was rested, when taken at the trial, and which is urged before this court, is that this testimony was incompetent by force of the proviso of the supplement to the "Act concerning evidence," approved February 25th, 1880 (*Rev. Sup., p.* 287), which makes it incompetent, in cases where one or other of the litigants appears upon the record as a party suing or being sued in a representative capacity, for the opposite party to give testimony as to any transaction with or statement by the testator or intestate represented in the action; and the contention is that a corporation, being an artificial person, can only testify through its officers and directors, and that, therefore, when such officers or directors are called as witnesses and testify on behalf of the corporation, it is the corporation itself which is giving testimony, within the meaning of the supplement of 1880.

It seems to me that this contention is not well founded. At common law, a party to the record was incompetent to testify on his own behalf, and this rule of evidence would have disqualified the officers or directors of a corporation as witnesses for it in suits in which such corporation was a party, if their testimony was the testimony of the corporation itself, yet numerous cases are to be found in the books, decided while this rule was in force, in which officers and directors were permitted to testify on the behalf of the corporations which they represented, on the ground that they were not parties to the record. *Weller* v. *Governors of Foundling Hospital, Peake N. P.* 206; *Middletown Savings Bank* v. *Bates,* 11 *Conn.* 519; *Van Wormer* v. *Albany,* 15 *Wend.* 262; *Trustees of Watertown* v. *Cowen,* 4 *Paige* 510; *Pack* v. *Mayor, &c.,* 3 *N. Y.* 491. In those cases in which officers or directors of a corporation were not permitted to

testify on its behalf, it will invariably be found that they were disqualified not because they were parties to the record, but because they had an interest in the subject-matter of the litigation.

The fallacy of the contention advanced on behalf of the plaintiff in error lies in the assumption that because a corporation- is an artificial person, it must testify by its officers and directors; whereas the fact is that a corporation, because it is an artificial person, is incapable of testifying at all.

The testimony objected to was not rendered incompetent by the proviso contained in the supplement to the act relating to evidence, above referred to, and the writ of error should be dismissed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, VAN SYCKEL, BOGERT, BROWN, KRUEGER, SMITH, TALMAN. 12.

*For reversal*—None.