[S. F. No. 1871.   Department Two.—December 23, 1901.]

CITY SAVINGS BANK, Respondent, v. JOSEPH L. ENOS, Administrator, etc., Appellant.

Action by Bank for Money Fraudulently Obtained—Discovery of Fraud—Estate of Deceased Person—Statute of Limitations.— An action by a bank to recover money from the estate of a deceased person, in which it appears that the money was paid to the deceased in his lifetime, as the assumed agent of a depositor, under a false representation made by him to the bank, that he was such agent, and was authorized by the depositor to draw the money, and to sign the depositor's name to the receipt therefor, which he did, whereby the bank was deceived and misled into paying the money to him, and that the bank did not discover the fraud and the falsity of such representation until after the death of the decedent, when the bank was compelled to pay such money to the depositor, is an action for relief on the ground of fraud, in which the statute of limitations of three years did not begin to run until after the discovery of the fraud.

Id.—Appeal from Judgment—Finding upon Conflicting Evidence— Province of Trial Judge.—Upon appeal from a judgment rendered in favor of the bank against the estate of such deceased person, where the court found upon conflicting evidence that the allegations of the complaint were true, and that the action was not barred by the statute, although there may be reasonable ground for finding otherwise, this court cannot take from the trial judge the right to pass upon the credibility of the witnesses and upon the sufficiency of the evidence to support his findings, where there was evidence tending to justify them.

Id.—Qualification of Witnesses against Estate—Officers of Bank. —The disqualification of a party or his assignor to testify against an executor or administrator, upon a claim or demand against the estate of a deceased person, as to any matter occurring before his death, does not apply to agents or persons employed by the party or his assignor; and in an action by a bank against an administrator upon a money demand, the officers of the bank are not disqualified.

Id.—Admissibility of Books of Bank—Preliminary Proof.—The books of account of the bank were admissible in evidence, and the officers of the bank were competent to make the preliminary proof of such books.

Id.—Appeal—Assignments of Error not Argued, Waived.—Assignments of error not noticed in appellant's brief are deemed waived.

APPEAL from a judgment of the Superior Court of Santa Cruz County and from an order denying a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion.

Lindsay & Cassin, and George P. Burke, for Appellant.

Charles B. Younger, for Respondent.

CHIPMAN, C.—The complaint alleges the following facts: That on December 14, 1889, one Francisco José Pereira had on deposit in plaintiff's bank over $1,000, and on May 24, 1890, he had there on deposit over $150; that on the first of these dates plaintiff paid to defendant's intestate $1,000, at the latter's instance and request, and on the second date it paid him $150, "under the representation by said Sylvar to said bank, that he had authority from Francisco José Pereira to collect and receive" the said sums; that at these several dates said Sylvar executed to the bank a receipt for the money so received, reading:—

"Received of City Savings Bank, of Santa Cruz, [amount].
            "(Signed)      FRANCISCO JOSÉ PEREIRA.
            "(Witness)           By JACKSON SYLVAR."

"That said representation to said City Savings Bank by said Jackson Sylvar, that he had authority from said Francisco José Pereira to collect and receive from said bank said sums of $1,000 and $150.00, on account of said Pereira, and to sign said Pereira's name to said receipts, were untrue, false, fraudulent, and were calculated to and did deceive said City Savings Bank"; that said Sylvar "had no authority to collect and receive said moneys or to sign the name of Pereira to said receipts"; that plaintiff did not discover "said fraud of Jackson Sylvar or his want of authority," or that his representations were false and fraudulent, until after the death of Sylvar,—to wit, on February 17, 1896; that Sylvar died intestate, July 7, 1895, and defendant was duly appointed administrator of Sylvar's estate, August 20, 1895; due presentation of the claim of plaintiff is alleged, and its rejection by the administrator. By an amendment to the complaint, it was alleged that plaintiff relied and acted on and believed in the truth of Sylvar's representation in respect of his claim of authority to draw the money; also, that Pereira commenced an action against said savings bank, to recover said sum of $1,150, and obtained judgment for that amount, with interest and costs.

The answer denies the material allegations of the complaint, and alleges that Sylvar had authority to collect and receive the said sums of money, and to receipt for the same; alleges that plaintiff well knew that Sylvar had authority from Pereira to draw said money, and denies that Sylvar made any false or fraudulent representations to said bank; alleges that the action brought by Pereira, referred to in the complaint, against plaintiff in this action was at the commencement of this action, and is now pending in the supreme court, and that in said action this plaintiff (defendant in that action) claimed and claims that said sums of money have been fully paid to Sylvar for Pereira, and at the latter's request. The answer also pleads in bar certain sections of the Code of Civil Procedure relating to the limitation of actions.

The cause was tried by the court without a jury, and plaintiff had judgment, from which and from the order denying defendant's motion for a new trial this appeal is taken. The court found the facts substantially as alleged in the complaint.

1. Appellant claims that the action is barred by the statute of limitations, and that the findings are not supported by the evidence. The action is for relief, on the ground of fraud, and must have been brought within three years,—the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake. (Code Civ. Proc., sec. 338, subd. 4.) The money was paid to Sylvar on December 14, 1889, and May 24, 1890, and he died July 7, 1895, more than five years thereafter. The question is, Was fraud shown, and if so, was it proved that such fraud was not discovered until after Sylvar's death? Pereira testified: "I did not give Jackson Sylvar authority to draw any of my money out of the bank or to use any of the same." He further testified, as to the particular sums drawn by Sylvar, that he had given Sylvar no authority to draw the money. Mr. Haslam, cashier of the bank, testified (against the objection of defendant, that, by the provisions of subdivision 3 of section 1880 of the Code of Civil Procedure, he was incompetent to testify as to any fact which occurred before the death of Sylvar) that he paid the money in question, at the times mentioned, to Sylvar. He was asked if Sylvar made any representations at the time as to his authority to draw the money,

to which the same objection was made and overruled. He answered: "I cannot remember what representations were made; he came there with the book. I don't remember anything that he said." He further testified that the money drawn stood at the time to the credit of Pereira, and that Sylvar gave receipts for the same. Sylvar's signature to the receipts, given in the name of Pereira, purporting to be witnessed by Sylvar, was proven by assistant cashier McCreary. This witness also produced the book of account of the bank with Pereira, which showed the charges to the latter. The receipts themselves were also produced and placed in evidence, and the testimony of this witness went in over defendant's objection, that it was violative of section 1880 of the Code of Civil Procedure. Haslam was recalled and asked if he believed that Sylvar had authority from Pereira to draw the money. The witness answered, "I did"; and he further testified that he would not have paid the money to Sylvar unless he had signed Francisco José Pereira's name to the receipts. He further testified, that neither plaintiff nor he discovered that Sylvar had no authority to draw this money until February 17, 1896, and that he learned the fact "from the decision of the case of Francisco José Pereira against the City Savings Bank, some time in February, 1896"; that "he understood from Sylvar that Sylvar had authority to draw the money," although he could not remember what Sylvar said.

Witness Thurber testified for defendant that he heard Pereira say, in December, 1889, "that Jackson Sylvar could use his money—the money that he [Pereira] had." Cashier Haslam testified for defendant that he had a conversation with Pereira in Sylvar's presence shortly before the bank paid the money, in which Pereira said to witness "to allow Jackson Sylvar to draw any money against his account that he wished"; and that was the reason why he (witness) allowed Sylvar to draw the money. He also testified that he paid the money because Sylvar signed Pereira's name to the receipt and had his pass-book, and that Sylvar had no written authority; and again he testified that another reason for paying the money was because Pereira told witness to allow him "to draw against his account." The answer of the bank in the action brought by Pereira, verified by the president of the bank, was introduced by defendant, wherein, among other

defenses, it is alleged that Sylvar was authorized and em-
powered by Pereira to withdraw this money from the bank.
Pereira testified that he could read and write the Portuguese
language, but could not read or write the English language.
It was shown at the trial that he could read certain numerals
placed before him.   He also testified that he sometimes left
money with Sylvar, to be deposited for him in the bank, and
Sylvar sometimes kept his pass-book for him, and that he
sometimes kept some of his money in Sylvar's safe.   It also
appeared that Pereira took his pass-book to the bank and
deposited some money as late as 1894, before Sylvar died, and
that the pass-book showed these previous charges of money
drawn out.   But Pereira testified that he "did not see the
entries in the bank-book of the money which, it is claimed, was
drawn out by Jackson Sylvar," and that he had never received
the money.   He also denied having the conversation sworn to
by Haslam, and he also denied the conversation sworn to by
Thurber.   Against defendant's objection, it was shown that
Sylvar was a stockholder and director in the bank at the time
the money was drawn.

It is evident that the court believed the testimony of Pereira
and disbelieved the testimony of the cashier as to the question
of Sylvar's authority.   Whatever may have been the cashier's
belief of Sylvar's authority, founded on what he thought
sufficient evidence, the fact is testified to and was accepted by
the court as true, that no such authority was ever given by
Pereira.   The inference was permissible, from the evidence,
that Sylvar took advantage of his possession of Pereira's bank-
book to obtain the money for his own use, knowing at the time
that he had no authority to do so.   In presenting the book to
have the charges entered, and in signing receipts in Pereira's
name, he was falsely and fraudulently representing that he
had authority to draw the money, and was perpetrating a
fraud on the bank.   There is evidence, which the court accepted
as true, although it came from the witness Haslam, whom the
court disbelieved in some respects, that Sylvar's want of
authority and his consequent fraudulent misrepresentations
were not discovered until after Sylvar's death, and when, in
the trial of the action brought by Pereira against the bank,
the facts came out and were established, and judgment
rendered for Pereira.   Haslam testified that the bank paid the

judgment. Appellant contends, with much reason, that the evidence justified and should have resulted in different findings. But this court cannot take from the trial judge the right to pass upon the credibility of witnesses; nor can it take from him the right to pass upon the sufficiency of the evidence to support his findings, where there is a substantial conflict and there is some evidence tending to justify the findings.

2. Appellant contends that it was error to allow Haslam and McCreary—cashier and assistant cashier, respectively, of the bank—to testify as to matters of fact occurring before the death of Sylvar. "The following persons cannot be witnesses: . . . 3. Parties . . . to an action . . . against an executor or administrator, upon a claim or demand against the estate of a deceased person, as to any matter of fact occurring before the death of such deceased person." (Code Civ. Proc., sec. 1880.) The books of account of plaintiff, the preliminary proof having been made, were admissible (*Cowdery* v. *McChesney,* 124 Cal. 363); and the witnesses were competent to make the preliminary proof (*Cowdery* v. *McChesney,* 124 Cal. 363; *Roche* v. *Ware,* 71 Cal. 375.[1]) Haslam's testimony, however, went beyond the facts appearing in the books of account, and it is urged that this was in violation of the statute. We cannot agree with appellant. The provision applies only to parties or assignors of parties, and Haslam was neither the one nor the other. If he was a stockholder, which it is claimed he was, that fact would make no difference, for interest no longer disqualifies under our law. (Code Civ. Proc., sec. 1879.) Appellant cites section 14 of the Civil Code, to the effect that the word "person" includes a corporation, and claims that, as the corporation can only speak through its officers, the section must be held to apply to all who are officially related to the corporation. A corporation may be conceded to be a person, but the concession does not help appellant. To hold that the statute disqualifies all persons from testifying who are officers or stockholders of a corporation, would be equivalent to materially amending the statute by judicial interpretation. Plainly the law disqualifies only "parties or assignors of parties," and does not apply to persons who are merely employed by such parties or assignors of parties.

What has been said seems to cover all the points made in

---

[1] 60 Am. Rep. 539.

appellant's brief.  Assignments of error not called to our attention in the brief are deemed to be waived.

It is advised that the judgment and order be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Temple, J., Henshaw, J.