W. A. MENDENHALL V. SCHOOL DISTRICT NO. 83 OF JEWELL COUNTY.

No. 15,109.   (90 Pac. 773.)

SYLLABUS BY THE COURT.

1. EVIDENCE — *Competency of Witnesses* — *Transactions Had with Deceased Persons.* Section 322 of the code (Gen. Stat. 1901, § 4770), which prohibits a party from testifying in his own behalf in respect to any transaction or communication had personally with a deceased person, etc., applies only to a party to the suit, and does not exclude the officers of a corporation which may be a party or other interested persons not parties to the action.

2. INJUNCTION—*Trespass.* Injunction will lie to prevent a trespass, where the acts complained of are continuous, or where the injuries occasioned thereby are of such a character that they cannot be compensated by any ordinary standard of value, or when for any reason the remedy at law would be inadequate.

3. ——— *Adequate Remedy at Law.* An adequate remedy at law which will preclude proceedings in equity must be equally complete, practical and efficient with the remedy in equity.

Error from Jewell district court; RICHARD M. PICKLER, judge. Opinion filed June 8, 1907. Affirmed.

## STATEMENT.

ON September 12, 1905, the defendant in error commenced this suit in the district court of Jewell county to enjoin the plaintiff in error from trespassing upon its premises.

The real question involved is the ownership of the land occupied by the district as a site for its schoolhouse. It appears that in 1898 the people of this district desired to move the schoolhouse to a more central location, but had no site which was satisfactorily situated. David Ross resided in the district, and owned a farm near its center. He proposed to give a site of one acre on his farm if the district would move the schoolhouse thereto and occupy the site for school purposes. The proposition was accepted at a special meeting of the voters of the district, Ross being present.

The school district moved its building to the new site September 1, 1898, and has ever since occupied it for school purposes, but never received a conveyance thereof from Ross. On January 31, 1905, the plaintiff in error purchased the farm of David Ross, receiving a warranty deed therefor, which contained no exception concerning the schoolhouse site. The plaintiff in error had full knowledge of the transaction between his grantor, Ross, and the school district when he purchased the land. Plaintiff in error, after his purchase, removed the fence which enclosed the schoolhouse grounds, removed the outhouses and piled them against the school building, plowed up the ground, planted it in corn, claimed to be the owner of the land, and notified the school district to remove the building from the premises. David Ross died before this suit was commenced.

The district officers employed a teacher and were about to open the regular fall term of school. A few days before the commencement of this suit they went to the schoolhouse to make necessary repairs, but found the representatives of Mendenhall armed and in pos-

session of the premises. No demonstrations or threats of violence were made, but the officers deemed it wise to withdraw, and they did so and commenced this suit.

The district court granted a temporary injunction against the plaintiff in error, and on the final trial made it perpetual, and entered a decree that the school district was the owner of the land and quieted its title thereto. Mendenhall brings the case here for review.

*Lee Monroe,* and *Schoch, Hotchkiss & Wilson,* for plaintiff in error.

*R. W. Turner,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: The plaintiff in error presents two questions: (1) Does section 322 of the code (Gen. Stat. 1901, § 4770), concerning transactions had with deceased persons, apply to corporations? (2) Will injunction lie to prevent a naked trespass to realty?

The school district, to show the transaction with David Ross, used as witnesses the district officers with whom Ross had conversations at and about the time the district accepted and took possession of the new site. Some of these witnesses were officers of the district when the transaction occurred, and others were its officers at the time of the trial. It is urged that these witnesses were all incompetent, under the provisions of section 322 of the code, which reads:

"No party shall be allowed to testify in his own behalf in respect to any transaction or communication had personally by such party with a deceased person when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where they have acquired title to the cause of action immediately from such deceased person."

Statutes which exclude persons from testifying will be strictly construed in favor of the witness. Classes of persons not named in the statute will not be excluded by implication from testifying, even though the

reasons therefor may seem as strong as those which apply to the persons expressly designated. · (30 A. & E. Encycl. of L. 983; *Wootters v. Hale,* 83 Tex. 563, 19 S. W. 156.) Our law excludes the "party" only. In many states having a similar statute this word has been defined to mean a party to the suit in its strict legal sense. In the case of *Potter v. National Bank,* 102 U. S. 163, 26 L. Ed. 111, Mr. Justice Harlan, in construing a statute substantially the same as this, said:

"The proviso of section 858 excludes only one of the classes described in its first clause—those who are, technically, parties to the issue to be tried—and we are not at liberty to suppose that congress intended the word 'party,' as used in that proviso, to include both those who, according to the established rules of pleading and evidence, are parties to the issue, and those who, not being parties, have an interest in the result of that issue." (Page 164.)

In the case of *Merchants Bank v. Cook,* 21 Mass. 405, it was said:

"The word party then is unquestionably a technical word, and has a precise meaning in legal parlance. By it is understood he or they by or against whom a suit is brought, whether at law or in equity; the party plaintiff or defendant, whether composed of one or more individuals, and whether natural or legal persons." (Page 411. See, also, *Cullen v. Woolverton,* 65 N. J. Law, 279, 47 Atl. 626.)

In the following cases it has been held that statutes of this kind do not apply to officers or agents of corporations: *City Savings Bank v. Enos,* 135 Cal. 167, 67 Pac. 52; *Merriman v. Wickersham,* 141 Cal. 567, 75 Pac. 180; *Flach v. Gottschalk Co.,* 88 Md. 368, 41 Atl. 908, 42 L. R. A. 745, 71 Am. St. Rep. 418; *N. J. Trust Co. v. Camden Safe Co.,* 58 N. J. Law, 196, 33 Atl. 475; *In re Will of Bruendl,* 102 Wis. 45, 78 N. W. 169.

This suit was brought by the school district as plaintiff. None of the witnesses called by it was a party to the action. The most that can be said against their competency is that as taxpayers of the district they

were interested in the result of the suit, but interest does not now render a witness incompetent.  We think the trial court properly permitted them to testify.

As a general rule, injunction will not lie to restrain a naked trespass.  The reason of the rule is that an action for damages ordinarily will afford an adequate remedy, and will give each party the opportunity to have his rights adjusted by the verdict of a jury.  If, however, the trespasser is insolvent, or for any other reason an action at law would be inadequate, injunction will be granted to restrain even a naked trespass. Where the injuries inflicted by a trespass are of a continuing kind, or are injurious to growing trees or other property for which damages would not compensate, injunction will lie.  (28 A. & E. Encycl. of L. 595; 16 A. & E. Encycl. of L. 361; *Webster v. Cooke,* 23 Kan. 637; *Godfrey v. Black,* 39 Kan. 193, 17 Pac. 849, 7 Am. St. Rep. 544.)  An adequate remedy at law which will preclude proceedings in equity must be equally complete, efficient, practical and prompt with the remedy in equity.  (*Keplinger v. Woolsey,* 4 Neb. [unofficial] 282, 93 N. W. 1008; *Beardsley v. Bennett,* 1 Day [Conn.], 107; *State ex rel. v. Guinotte,* 156 Mo. 513, 57 S. W. 281, 50 L. R. A. 787.)

Applying these principles to this case, we find the school district annoyed by a hostile party claiming to be the owner of premises which it has peaceably occupied as owner for many years.  This claimant removed the fence which enclosed the schoolhouse site, removed the outbuildings and rendered them unfit for use, plowed the land and planted it in corn, and openly proclaimed his ownership of the premises.  He served notice upon the district to remove its improvements and surrender the premises to him; and further, by a hostile attitude toward the district, intimidated the people so that a public school could not be satisfactorily held there.  In addition to this, the claimant, without legal proceedings, asserted the right to continue in the

12—76 KAN.

actual possession of the land, and to continue to plow and cultivate the land, and thereby prevent its use by the district for school purposes. No mere action for damages would give the district an adequate remedy. It was entitled to immediate relief from disturbance and annoyance, in order that school might be continued until the rights of the parties could be peacefully determined by proper legal proceedings. Such a suit was* commenced and a temporary injunction was granted by which the district was protected pending the suit. We think this was highly proper under the circumstances.

We are unable to find that the court committed material error in any of the matters of which the plaintiff in error complains, and therefore its judgment is affirmed.