Points Decided.

(December 30, 1922.)

# THE    WEBSTER-SOULE    FARM,    a    Corporation, Respondent, v. VILATE WOODMANSEE, Appellant.

[211 Pac. 1090.]

SCHOOL LANDS—SALE—CONSTITUTIONAL LIMITATION—SALE OF PURCHAS-
ER'S INTEREST—WITNESS—DISQUALIFICATION—CLAIM AGAINST ES-
TATE — PARTY — PERSON IN WHOSE BEHALF ACTION BROUGHT —
AMENDMENT OF PLEADING — DISCRETION — ORDER TAXING COSTS —
APPEAL FROM.

1. The sale of school lands, contemplated by Const., art. 9, sec. 8, takes place when the original purchaser enters into a contract of purchase with the state, and cannot call for more than the acreage limited by the constitution.

2. The constitutional provision does not prohibit the original purchaser from later selling his interest to one who has already purchased the acreage limited by the constitution.

3. If the original purchase is made by the nominal purchaser, not on his own behalf, but in the interest of another, there being an agreement between them to evade the constitutional limitation, the transaction is invalid.

4. An officer or stockholder of a corporation is not a party within the meaning of C. S., sec. 7936, subd. 3.

5. A stockholder of a corporation is not a person in whose behalf an action, brought by the corporation, is prosecuted, within the meaning of C. S., sec. 7936, subd. 3.

6. It is not an abuse of discretion to refuse to allow a party to amend a pleading so as to directly contradict an allegation of fact as to which said party must have had knowledge when he verified the original pleading.

7. An order taxing costs is a special order made after final judgment, is appealable, and not reviewable on appeal from the judgment.

APPEAL from the District Court of the Ninth Judicial District, for Madison County. Hon. James G. Gwinn, Judge.

Action to impress trust on land. Judgment for plaintiff. *Affirmed.*

Miller & Ricks and McDougall & Jones, for Appellant.

A party to a trust agreement with a person since deceased cannot testify to the terms of such agreement involving title to the property covered thereby. (*Coats v. Harris,* 9 Ida. 458, 75 Pac. 243.)

Under subd. 3, C. S., sec. 7936, J. W. Webster was not competent to testify to any matter of fact occurring before the death of C. H. Woodmansee. .(*Rice v. Rigley,* 7 Ida. 115, 61 Pac. 290; *Whitney v. Fox,* 166 U. S. 137, 17 Sup. Ct. 713, 41 L. ed. 1145.)

F. L. Soule and N. D. Jackson, for Respondent.

The statute does not exclude the testimony of an officer of a corporation which is a party. (*Merriman v. Wickersham,* 141 Cal. 567, 75 Pac. 180; *City Sav. Bank v. Enos,* 135 Cal. 167, 67 Pac. 52; 40 Cyc. 2290, and cases cited.)

McCARTHY, J.—This is an action to impress a trust on certain land. It is the contention of respondent that appellant and her deceased husband, C. H. Woodmansee, purchased certain state school land, four certificates being issued in his name and four in hers, the same being community property; that C. H. Woodmansee, deceased, agreed with one Webster and others that land belonging to them should be conveyed to a corporation which they had formed known as Webster-Woodmansee Co., the predecessor in interest of respondent; that the certificates were accordingly assigned to said corporation by said C. H. Woodmansee but that the assignments were not recorded with the state land board; that the corporation went into possession of and farmed the land, paying all instalments of the purchase price owing to the state except the last; that, after the death of C. H. Woodmansee, appellant assigned the certificates which stood in her name to said corporation but the certificates were not recorded in the office of the state land board; that, at the time the last payment to the state fell due, appellant filed with the state land board a false affi-

davit stating that she was the owner of the certificates, tendered the final payment and received from the state a patent in her name. Respondent tendered the amount of the final payment to appellant and prayed for a decree to the effect that appellant holds title to said land in trust for respondent, that she be required to convey it to respondent, and that, in the event of her failure to do so, the clerk of the court execute and deliver a deed to respondent. Appellant denied that C. H. Woodmansee agreed to convey the land in question to respondent or assigned the certificates, claiming that certain assignments, referred to in the complaint, and introduced in evidence, were forgeries. Appellant admitted that she assigned the certificates which stood in her name to respondent, but claimed that her signature was obtained by the false representation that the instrument which she signed was a conveyance of other lands. The court called a jury to render an advisory verdict, accepted the findings of the jury, supplemented these findings by findings of its own, and entered judgment, quieting title to the lands in question in respondent, ordering appellant to execute and deliver to respondent a good and sufficient deed conveying the legal title to the same, and further providing that, upon her failure to execute and deliver such deed, the decree should operate as a conveyance to respondent. From this judgment the appeal is taken.

The assignments of error are that the court erred: (1) in sustaining respondent's motion to strike certain paragraphs from appellant's answer to the cross-complaint, (2) in permitting the witness J. W. Webster to testify to transactions with the deceased C. H. Woodmansee, (3) in refusing to permit appellant to amend her pleading so as to state that the 160 acres covered by the certificates issued to her was her separate property, (4) in allowing respondent's cost bill, (5) in that the evidence is insufficient to support the decree. We will consider the assignments in the above order.

The land in question is state school land. In her answer and cross-complaint appellant alleged that, at the time she and her deceased husband purchased it, certain other parties

named Wright and Winter purchased certain other school lands, and that, when these purchases were made, respondent formed the intent and plan to pay to the said parties the sums of money paid by them, secure assignments of their certificates, pay the state the subsequent instalments, and obtain patent to the lands. Appellant further alleged that, as a part of respondent's said purpose and plan, one J. W. Webster, and Mary Webster his wife, purchased certain school lands, and thereafter assigned the certificates to respondent upon being paid all the sums of money paid by them. Appellant further alleged that, in furtherance of its said plan and purpose, respondent acquired and holds title to the school lands originally purchased by the Wrights, the Winters and the Websters in violation of Const., art. 9, but that appellant and her deceased husband refuse to convey the land entered by them. The portions of the answer and cross-complaint setting out in substance the matter above outlined were stricken by the court on respondent's motion. At the time of the transactions in question Const., art. 9, sec. 8, provided: ''Not to exceed twenty-five sections of school lands shall be sold in any one year and to be sold in subdivisions of not to exceed one hundred and sixty acres to any one individual, company or corporation.''

Appellant contends that the matter so stricken from the complaint constituted a defense and cause of action, inasmuch as it showed an intent on respondent's part to violate that constitutional provision, by acquiring title to more than 160 acres of school land. The sale contemplated by Const., art. 9, sec. 8, takes place when the original purchaser enters into a contract of purchase with the state, and that original sale cannot call for more than the acreage limited by the constitution. The constitutional provision does not prohibit the original purchaser from selling and assigning his interest, even though it be to one who has already purchased other school lands equaling or exceeding that acreage. (*Gliem v. Board of Commissioners,* 16 Or. 479, 19 Pac. 16.) In that case, under a similar constitutional provision, the supreme court of Oregon held:

"A person who has purchased from the board of commissioners for the sale of school and university lands, under the act of the legislative assembly of the state, providing for the selection, location, and sale of state lands, etc., approved October 18, 1878, the maximum quantity of land he was authorized to purchase under the act is not thereby disqualified from taking an assignment of a certificate of purchase, issued by the board to an applicant under the act, nor from receiving a deed from the board for such land in his own name.

"A sale under the act consisted of the application to the board to purchase such quantity of the land as the applicant was entitled to apply to purchase; the payment of the proportion of the purchase price thereof; the execution of the promissory notes for the balance of the purchase price, as provided in the act; and the execution to the applicant of the certificate of purchase; . . . . the limitation upon the quantity of the land a party was entitled to purchase under the act only applied to such sale, and not to the purchase or assignment of a certificate of sale from the party to whom the same had been issued."

See, also, *Warner Valley Stock Co. v. Morrow,* 48 Or. 258, 86 Pac. 369; *Patterson v. Winn,* 11 Wheat. 381, 6 U. S. 632, 6 L. ed. 500; *Ireland v. Henkle,* 179 Fed. 993; *Doe v. Roe,* 31 Ga. 593. If the original purchase were made by the purchaser in good faith and for himself, there would be nothing unlawful in the subsequent sale of his interest to one who had already purchased by another transaction the acreage mentioned in the constitutional provision. On the other hand, if the original purchase were made by the nominal purchaser not on his own behalf, but in the interest of another person, there being an agreement between them to evade the constitutional limitation, then such a transaction would be invalid. There was no allegation that the Wrights or Winters had such a collusive agreement with respondent at the time they made their purchases from the state. The mere fact that respondent intended to purchase their land, if it could, would not make the transaction unlawful. The

allegations in regard to the Websters were probably sufficient to charge that the transaction with them was a violation of the constitutional provision. But this would not affect the original purchase made by appellant and her deceased husband. There was no allegation that they entered into any collusive agreement with the respondent at the time, or that they did not make the purchase for their own benefit. For the reasons given above the portions of the answer and the cross-complaint stricken constituted no defense or cause of action, and the court committed no error in striking them.

One J. W. Webster and appellant's deceased husband, C. H. Woodmansee, were fellow stockholders of the corporation of which respondent is the successor. Webster was allowed to testify to certain transactions with the said deceased over appellant's objection to the effect that this was in violation of C. S., sec. 7936, subdiv. 3. That section reads as follows:

"The following persons cannot be witnesses: . . . .

"3. Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted against an executor or administrator, upon a claim or demand against the estate of a deceased person, as to any matter of fact occurring before the death of such deceased person."

All the conditions mentioned in the statute must obtain in order to render a witness incompetent. (*Poulson v. Stanley,* 122 Cal. 655, 68 Am. St. 73, 55 Pac. 605.) The preceding section, C. S., sec. 7935, provides that the mere fact that a person has an interest in the event of an action or proceeding is not reason for excluding his testimony. Webster was a stockholder and officer of the corporation at the time of the alleged transactions with Woodmansee and at the time of the trial. An officer and stockholder of a corporation is not a party within the meaning of sec. 7936. (*City Savings Bank v. Enos,* 135 Cal. 167, 67 Pac. 52.) A stockholder of a corporation is not a person in whose behalf an action or proceeding is prosecuted within the meaning of the same section. (*Merriman v. Wickersham,* 141 Cal. 567, 75 Pac.

180.)   In the latter case the court says: "Code Civ. Proc., sec. 1880, disqualifying as witnesses, in an action against an executor, parties or persons in whose behalf an action is prosecuted, does not disqualify one who is neither party nor a person in whose behalf the action is prosecuted, though he has an interest in the outcome."

The court did not commit error in permitting Webster to testify.

At the close of the evidence appellant asked permission to amend her cross-complaint to conform to the proof, by alleging that the school lands covered by the certificates issued to her were separate property.  If permitted it would have meant a direct contradiction of her original sworn cross-complaint, which alleged that the property was community property of herself and her deceased husband.  The application was addressed to the discretion of the court.  We conclude that the court did not abuse its discretion in refusing to permit an amendment which would have contradicted a sworn statement in the original cross-complaint, in regard to a matter of which appellant must have had knowledge at the time she verified the original allegation.

The order taxing costs is a special order made after final judgment and is made specially appealable as such by C. S., sec. 7152, subd. 2.  It is not reviewed on appeal from the judgment.  As no appeal was taken from the order taxing costs the question is not here.

The last assignment of error is that the evidence is insufficient to support the findings and decree in several particulars specified.  As to all these matters the evidence was conflicting.  In every case the finding of the jury and the court was against appellant.  It would not serve any useful purpose to analyze the evidence in detail.  Suffice it to say that it is sufficient to sustain the verdict and judgment under the established rule.

Respondent has asked this court to strike appellant's brief from the files on the ground that it contains gratuitous and scandalous charges against a witness, who testified for respondent, and who happens to be a member of the bar of

this state.   In this connection respondent points out that the jury and trial court found that this witness testified to the truth.   The statements of appellant's counsel are mostly based upon the testimony of appellant.   The findings and judgment constitute a vindication of the witness attacked. We do not think this court would be justified in striking the brief.   Where the evidence is conflicting, the mere fact that the jury and trial court believed one witness rather than another would not justify this court in preventing counsel on appeal from attacking the evidence to which the jury and court gave credence.   This would savor of arbitrary action and make it extremely difficult and even dangerous to take an appeal.

The judgment is affirmed, with costs to respondent.

Budge, Dunn and Lee, JJ., concur.