## CUSH v. ALLEN.

(Court of Appeals of District of Columbia. Submitted February 9, 1926. Decided June 1, 1926.)

### No. 4321.

1. **Witnesses ☞142—Stockholder, officer, and director of corporation held not a "party" whose testimony is inadmissible in action by corporation against personal representative in action on contract between corporation and decedent (Code, § 1064, as amended by Act April 19, 1920 [41 Stat. 567]; Rev. St. § 858).**

Testimony of stockholder, officer, and director of a corporation as to contract between corporation and decedent, is not excluded by Code, § 1064, as amended by Act April 19, 1920, providing that, if party to transaction or contract die, other party should not be allowed to testify as to any transaction with deceased, in any action between such other party and personal representatives of deceased, in view of Rev. St. § 858, as an agent of a corporation is not a "party" within statute, and corporation cannot testify through agents, being an artificial person and incapable of testifying.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Party (in Practice).]

2. **Constitutional law ☞70(1).**

Supreme Court is bound to interpret statute as written.

3. **Partnership ☞20—Agreement that corporation would aid in obtaining contract, and in procuring surety bond to guarantee its execution, and that individual would contribute his skill and plant and have control of the job, and that profits and losses would be shared equally, held not "contract of general partnership."**

Agreement that corporation would aid in obtaining contract, and in procuring a surety bond to guarantee its execution, and that individual would contribute his skill, plant, and labor, and have control and supervision of the job, and that profits and losses should be shared equally, *held* not a contract of general partnership, as corporation merely undertook to aid individual and surrendered no control.

4. **Corporations ☞388(5).**

Individual, receiving fruits of contract with corporation, is not in position to urge that contract is invalid as partnership contract with corporation.

Appeal from the Supreme Court of the District of Columbia.

Bill by William H. H. Allen against William F. Cush, for whom was substituted Nora T. Cush, executrix of his estate. Decree for plaintiff, and defendant appeals. Affirmed.

H. W. Wheatley, of Washington, D. C., for appellant.

W. C. Clephane, B. A. Clephane, and J. W. Latimer, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices. :

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District of Columbia for the plaintiff, appellee here. The case, as stated in the amended bill, is substantially as follows:

The John H. Parker Company having a contract for the construction of the Interior Building, in this District, defendant's testator sought of the plaintiff his aid and assistance in obtaining a subcontract for the excavation of the site, and it was agreed between the plaintiff, trading as the W. H. H. Allen Construction Company, and defendant's testator, that this subcontract should be taken in the name of the latter, William F. Cush; that Cush should have control and supervision of the job, and contribute his skill, plant, and labor; that Allen should assist in obtaining such subcontract and in procuring a surety bond to guarantee its execution; and that profits and losses should be shared equally. The bill further alleged that the subcontract was procured and executed through Allen's aid and assistance; that Cush recovered from the Parker Company $2,337.50, but refused to account to Allen for his share; that during the prosecution of the work it was necessary to obtain certain material, including a large amount of iron rail, of the value of about $1,500, the return of which to the owner (Kefauver) was guaranteed by both parties to this suit; but that Cush had neglected and refused to return the rail or pay for it.

Cush answered the bill, admitting an agreement, but not in the terms alleged by plaintiff. Before the case came on for trial, Cush deceased, and his executrix was made a party defendant. She filed an answer, denying that any agreement had been made between the plaintiff, trading as the Allen Construction Company, and the defendant, as alleged in the bill. Thereupon plaintiff amended the bill, alleging an agreement in writing between the Allen Construction Company and Cush, dated August 11, 1915, and an assignment thereof to Allen. To this amendment a copy of the contract was attached as an exhibit. Plaintiff introduced evidence tending to support the averments of the bill, but no evidence was introduced by the defendant.

The principal question raised by this appeal relates to the testimony of a stockholder, officer, and director of the Allen Construction Company as to the contract between the corporation and Cush. It is contended by defendant that this testimony was inadmissible, under section 1064 of our Code, as amended by the Act of April 19, 1920, 41 Stat. 567. This section is entitled "Testimony of Surviving Party," and provides that, if one of the original parties to a transaction or contract has died or become insane or otherwise incapable of testifying in relation thereto, the other party shall not be allowed to testify as to any transaction with, or declaration or admission of, the deceased or otherwise incapable party, in any action between such other party or any person claiming under him and the executors, administrators, trustees, heirs, devisees, assignees, committee, or other person legally representing the deceased or otherwise incapable party, unless he be first called upon to testify in relation to such transaction, declaration, or admission by the other party, or unless the transaction or contract was made or had with an agent of the deceased or otherwise incapable party, and such agent testifies in relation thereto.

By section 858, R. S., it is declared that "in the courts of the United States no witness shall be excluded * * * in any civil action because he is a party to or interested in the issue to be tried: Provided, that in actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party, or required to testify thereto by the court." In Potter v. National Bank, 102 U. S. 163, 26 L. Ed. 111, it was held that, in actions in which judgment may be rendered for or against an executor, administrator or guardian, it is no objection to the competency of a witness that he is interested in the issue to be tried, because in such cases the statute excludes only parties to the record. "The proviso of section 858," said the court, "excludes only one of the classes described in its first clause—those who are, technically, parties to the issue to be tried—and we are not at liberty to suppose that Congress intended the word 'party,' as used in that proviso, to include both those who, according to the established rules of pleading and evidence, are parties to the issue, and those who, not being parties, have an interest in the result of that issue."

In Monongahela National Bank v. Jacobus, 109 U. S. 275, 2 S. Ct. 219, 27 L. Ed. 935, a creditor obtained judgment against his debtor and thereafter levied on capital stock

of a corporation claimed by a third party under an assignment from the debtor, and in the original suit the creditor summoned the assignee as garnishee of the debtor. Pending these proceedings, the debtor died and his administrator was substituted as defendant. It was held that the assignee and the administrator were competent witnesses in their own behalf, notwithstanding the proviso in section 858, R. S.

In Hobbs, Assignee, v. McLean and another, 117 U. S. 567, 579, 6 S. Ct. 870, 29 L. Ed. 940, it was contended that the testimony of McLean and Harmon, the plaintiffs, offered in their own behalf in regard to transactions with and statements by Peck, he being dead and the suit being against his assignee in bankruptcy, was incompetent, under section 858, R. S. The court ruled, however, that these witnesses "were not excluded by the terms of this statute," that the suit in which they testified was not an action by or against an executor, administrator, or guardian, and that the statute did not in terms include suits by or against assignees in bankruptcy. The court said: "We cannot insert the exception. When a provision is left out of a statute, either by design or mistake of the Legislature, the courts have no power to supply it. To do so would be to legislate, and not to construe."

[1, 2] The Code of this District is broader in scope than the federal statute, but it does not in terms exclude officers or agents of corporations, although some state statutes contain express provisions to that effect. Milling Co. v. Bunn, 75 Ohio St. 270, 277, 79 N. E. 478, 116 Am. St. Rep. 741. Interest is not a disqualification under our Code. Clearly an agent of a corporation is not a "party," within the meaning of the statute; but it is insisted that a corporation could testify only through its agents. The fallacy of this contention, said the court in N. J. Trust & Safe-Deposit Co. v. Camden Safe Deposit Co., 58 N. J. Law, 196, 33 A. 475, "lies in the assumption that, because a corporation is an artificial person, it must testify by its officers and directors; whereas, the fact is that a corporation, because it is an artificial person, is incapable of testifying at all."

Congress, of course, knew all this, and yet failed to exclude such officers. The reasons actuating Congress need not concern us, but it may be suggested that the impersonal character of corporate transactions and the fact that knowledge thereof seldom is in the exclusive possession of one party may have weighed with Congress. Moreover, as was suggested in S. Baltimore Co. v. Muhlbach, 69 Md. 395, 16 A. 117, 1 L. R. A. 507, involving the construction of a statute similar to ours, the situation of the parties being reversed: "The rule of exclusion would, of course, have to be mutual in its operation, if the objection of the defendant were maintainable; and as nearly all contracts by corporations or associations are made by agents, if the death of the other contracting party rendered the agent incompetent as a witness, a great many persons would be rendered incompetent who were competent, or who could have been made competent, before the passage of the Evidence Acts."

It has been almost uniformly held, in construing statutes similar to ours, where interest in the litigation or its outcome has ceased to disqualify, that officers, directors, or agents of corporations are not "parties." Flach v. Gottschalk Co., 88 Md. 368, 41 A. 908, 42 L. R. A. 745, 71 Am. St. Rep. 418; Grange Warehouse Assoc. v. Owen, 86 Tenn. 355, 7 S. W. 457; Merriman v. Wickersham, 141 Cal. 567, 75 P. 180; Mutual L. Ins. Co. v. Oliver, 95 Va. 445, 28 S. E. 594; N. J. Trust Co. v. Camden Safe Deposit Co., 58 N. J. Law, 196, 33 A. 475. As was suggested by the Supreme Court of the United States, our duty is to interpret the statute as written. If it is not sufficiently comprehensive, its amendment is for the consideration of Congress. We therefore rule that the testimony objected to was properly admitted.

[3, 4] It is next urged that the decree should be reversed, because a corporation may not enter into a contract of partnership, such as disclosed by the record here. That this was not a contract of general partnership is plain. The corporation surrendered no control to an individual, but simply undertook to assist an individual engaged in the same line of work. See Bates v. Coronado Beach Co., 109 Cal. 160, 41 P. 855, and Mestier & Co. v. Chevalier Pavement Co., 108 La. 562, 32 So. 520. Moreover, having received the fruits of the contract, Cush was not in a very good position to urge this point. Kelley v. Biddle, 180 Mass. 147, 61 N. E. 821.

No other question raised is deemed of sufficient importance to justify specific mention. It results that the decree must be and is affirmed, with costs.

Affirmed.