## LAKE SHORE NAT. BANK v. BELLANCA AIRCRAFT CORPORATION.
### Civil Action No. 1075.

United States District Court
D. Delaware.
April 4, 1949.

James R. Morford (Marvel & Morford), of Wilmington, Del., for plaintiff.

S. Samuel Arsht (Morris, Steel, Nichols & Arsht), of Wilmington, Del., for defendant.

RODNEY, District Judge.

This is an action brought by Lake Shore National Bank, a national banking association established under the laws of the United States suing as the regularly qualified executor under the will of Ray V. Barber, a citizen of Illinois. The defendant is Bellanca Aircraft Corporation, a corporation of the State of Delaware. At the trial certain witnesses were called who were respectively the Treasurer and Secretary of the defendant. On behalf of the defendant they were asked certain questions involving conversations with the testator (Barber) in his lifetime and certain transactions with him. The plaintiff objected, contending that such witnesses were incompetent to testify under Section 4687, Revised Code of Delaware, 1935, as set out in the footnote.[1] The testimony was excluded. The present questions arise under a motion to reopen the case for the purpose of again offering the testimony, it being contended that while a party to the litigation may be incompetent to testify as to conversations or transactions with the deceased, such incompetency does not relate to officers of a corporate party.

In determining the competency of the proposed witnesses it must first be ascertained what law governs.

---

[1] 4687. "No person shall be incompetent to testify in any civil action or proceeding whether at law or in equity, because he is a party to the record or interested in the event of the suit or matter to be determined: Provided, that in actions or proceedings by or against executors, administrators or guardians in which judgment or decree may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate or ward, unless called to testify thereto by the opposite party."

Rule 43(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides:

"* * * All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. In any case, the statute or rule which favors the reception of the evidence governs and the evidence shall be presented according to the most convenient method prescribed in any of the statutes or rules to which reference is herein made. The competency of a witness to testify shall be determined in like manner."

By the Rule the admissibility of evidence is determined by three standards. Evidence is to be admitted which is admissible under (1) statutes of the United States; (2) rules of evidence heretofore applied in federal equity proceedings; or (3) rules of evidence applied in state courts of general jurisdiction where the United States court is held—in this case Delaware. Because under the express language of the Rule the competency of a witness must be determined in the same manner as the admissibility of evidence, so we must see if any United States statute or rule in equity must be considered in connection with the rules of evidence in force in the state courts of Delaware.

█ It needs no citation of authority to show that, at common law, all witnesses having an interest in the subject matter of the litigation were totally incompetent to testify in the proceeding and that parties to the litigation were equally incompetent. Wigmore [2] has carefully traced the history and the reasoning of the disqualifications which continued until the middle of the 19th Century. Witnesses having an interest in the subject matter were incompetent to testify until the passage of Lord Denman's Act in 1843 [3] and parties were incompetent to testify until Lord Brougham's Act in 1846. [4] Remedial legislation concerning the competency of witnesses followed quickly in the United States.

Federal legislation first concerned itself with the question of competency of witnesses by the Act of July 16, 1862. [5] By this Act the competency of witnesses was to be determined by the law of the state in which the United States Court was being held. By the Act of July 2, 1864 [6] it was provided that no witness should be excluded because of color, interest in the controversy or because he was a party to the proceeding.

By the Act of March 3, 1865 [7] there was adopted the so-called "Dead Man's Statute" by which, in actions by or against executors, administrators or guardians in which judgment might be entered for or against them, neither party was allowed to testify against the other as to any transaction with or statement by the testator, intestate or ward unless called to testify thereto by the opposite party.

These two latter acts, it will be noted, did not depend upon any status of state procedure and were, in effect, amendments to the Act of 1862.

By the Revised Statutes of 1874 the Acts of 1862, 1864 and 1865, as above mentioned, were combined and transposed emerging as Section 858 of the Revised Statutes as set out in the footnote. [8] In Logan v. United States, 144 U.S. 263, 302, 12 S.Ct. 617, 629, 36 L.Ed. 429, it is said of this rear-

---

[2] Vol. 2, 3rd Ed., Sec. 575.

[3] 6 & 7 Victoria, C. 85.

[4] 14 & 15 Victoria, C. 99.

[5] 12 Stat. at Large 588.

[6] 13 Stat. at Large 351.

[7] 13 Stat. at Large 533.

[8] 858. "In the courts of the United States no witness shall be excluded in any action on account of color, or in any civil action because he is a party to or interested in the issue tried: Provided, that in actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other, as to any transaction with, or statement by, the testator, intestate, or ward, unless called to testify thereto by the opposite party, or required to testify thereto by the court. In all other respects, the laws of the State in which the court is held shall be the rules of decision as to the competency of witnesses in the courts of the United States in trials at common law, and in equity and admiralty."

rangement, "It is not to be inferred that Congress, in revising and consolidating the statutes, intended to change their effect, unless an intention to do so is clearly expressed."

Section 858 was amended by the Act of June 29, 1906,[9] 28 U.S.C.A. § 631, so as to read, "The competency of a witness to testify in any civil action, suit, or proceeding in the courts of the United States shall be determined by the laws of the State or Territory in which the court is held." The effect of this legislation was the practical repeal of the Acts of 1864 and 1865 leaving the matter substantially as originally enacted by the Act of 1862. Wright v. Wilson, 3 Cir., 154 F.2d 616, 170 A.L.R. 1237.

The provisions of the Act of 1906, 28 U.S.C.A. § 631, were somewhat modified by Rule 43(a), Federal Rules of Civil Procedure,[10] and the Act of 1906 was totally repealed by the recently revised United States Judicial Code, effective September 1, 1948.

■ From the foregoing it appears that while by Rule 43(a) the competency of witnesses is to be determined by a consideration of United States statutes and rules of evidence applicable in equity proceedings, as well as by the rule of evidence applied by the state court where the United States court is held, yet it appears that there is no applicable and pertinent United States statute. That there is no "rule of evidence heretofore applied in the courts of the United States on the hearing of suits in equity" and relating to the competency of witnesses to which attention must be given seems quite clear. When the United States had its distinct statute regulating competency of witnesses such statute was applicable alike to courts of law and suits in equity. When it was determined by statute that competency of witnesses should be determined by state law alone this result applied to suits in equity as well as other proceedings and no distinctive rule of equity existed to which

consideration need be given. The result is that the rule of evidence applied in the courts of general jurisdiction in Delaware is the sole guide to the competency in the present case.

While Section 858, Revised Statutes of the United States, remained in force, viz., up to June 29, 1906, certain decisions like Potter v. National Bank, 102 U.S. 163, 26 L.Ed. 111, and Huntington National Bank v. Huntington Distilling Co., 4 Cir., 152 F. 240,[11] were made. These decisions were, of course, authoritative constructions of the then Act. When all exclusive federal control over competency of witnesses was repealed and the matter relegated by the Act of 1906 to the laws of the states where the United States courts were held there was, of course, nothing but the state procedure to be recognized. When, as by Rule 43(a), federal statutes are again to be considered as well as state rules of evidence in connection with admissibility of evidence or competency of witnesses, federal decisions must be based solely on state rules of evidence or procedure until some federal legislation again comes into being.[12]

The Delaware statute [13] was first adopted April 6, 1881.[14] Prior to the adoption of this statute the courts of Delaware, like all other jurisdictions, had held that parties and others interested in the event of litigation were incompetent as witnesses because of such interest. Judge Woolley, in Di Nardi v. Standard Lime and Stone Co., 3 Boyce 369, 372, 26 Del. 369, 372, 84 A. 124, 126, says, "The statute in fact and effect is a qualifying statute, and it qualifies persons to testify who theretofore were disqualified because of interest."

■ It will be seen that the Delaware statute removed the former incompetency of interested persons as witnesses from two separate classes—from parties to the action who were necessarily interested and from all other persons interested in the

---

[9] 34 Stat. 618.

[10] See notes of Advisory Committee on Rules, Rule 43, 28 U.S.C.A.

[11] The date of this decision, as given by the report, is March 5, 1907. It quotes and relies upon the language of Sec. 858, Revised Statutes, notwithstanding such section had been substantially changed by Act of June 29, 1906.

[12] 3 Moore's Fed. Practice, p. 3067.

[13] Supra, footnote 1.

[14] Vol. 16, Laws of Delaware, p. 708, c. 537.

798

event of the suit but who were not parties to the action. The proviso attached to this absolute removal of incompetency, which proviso applies to only one class of actions, refers only to parties to the action. Interest, as such, is not the basis of exclusion of testimony. It is fruitless to consider whether, under this provision, you term a party "incompetent" to testify as to any conversation or transaction with the decedent or whether the proviso simply operates as to the admissibility of evidence in the given situation. It is clear that a party to the action is a competent witness in the cause and that the only restriction on his testimony is as to conversations or transactions with the decedent. This limitation or restriction does not grow out of his interest in the event of the suit but from the supposed inequity of allowing him to testify when the other party to the conversation or transaction had died. This was the direct holding of the Di Nardi case, supra, where the party to the cause was admitted as a general witness but limited in the scope of his testimony.

Under statutes similar to that of Delaware disqualifying only parties to the action it must be conceded that outside of Delaware the great weight of authority, if not unanimity, is to the effect that where a corporation is a party to a suit and an executor or administrator of a decedent is an adverse party to such suit an officer of the corporation is not incompetent to testify as to conversations or transactions with the deceased.[15]

The reasoning seems to be that a corporation, being an artificial body, is incapable of testifying at all and the officer of the corporation is not a party to the action and that the term "party" cannot be enlarged by judicial action.[16] It may be remarked that the same corporation, incapable of testifying, was capable of entering into a transaction with the deceased and by the same instrumentality.

There is in Delaware no precise relevant decision construing the statute in question, but In re Denning, Del.Super., 61 A.2d 657, 659, has materiality. In that case suit had been brought against E. I. duPont deNemours & Co. in a Virginia court. Process had issued from that court to take depositions in Delaware of certain managers or assistant managers of departmental divisions of the duPont Company who subsequently refused to recognize a statutory Delaware subpoena to enforce their attendance. Upon a motion to quash the subpoena, it was held that Section 4707 [the statute relative to depositions] does not permit the taking the deposition of a party to an action. It was further held, "And where the party is a corporation, then the application of the rule must be extended to include at least its managing officers and agents." On reargument it was urged that the duPont Company alone was party to the record and that its employees

15 Only cases are here included which involve the right of an officer to testify as distinguished from a stockholder or other agency. Excluded also are cases based upon statutes not confined to "parties" but where "interest" plays some part.

Cush v. Allen, 56 App.D.C. 327, 13 F. 2d 299, 54 A.L.R. 261; Smith v. North Louisiana Sanatorium, 181 Ark. 986, 26 S.W.2d 97; Mosley v. Mohawk Lumber Co., 122 Ark. 227, 183 S.W. 187; Merriman v. Wickersham, 141 Cal. 567, 75 P. 180; City Savings Bank v. Enos, 135 Cal. 167, 67 P. 52; Webster-Soule Farm v. Woodmansee's Adm'r, 36 Idaho 520, 211 P. 1090; Shawnee State Bank of Topeka v. Royal Union Life Ins. Co., 127 Kan. 456, 274 P. 132; Central Maine General Hospital v. Carter, 125 Me. 191, 132 A. 417, 44 A.L.R. 1333; New Jersey Trust & Safe-Deposit Co. v. Camden Safe-Deposit & Trust Co., 58 N.J.L. 196, 33 A. 475; First Nat. Bank of Bottineau v. Hilliboe, 17 N.D. 76, 114 N.W. 1035, 17 Ann.Cas. 213; State Bank of Wheatland v. Bagley Bros., 44 Wyo. 244, 11 P. 2d 572; Mendenhall v. School District, etc., 76 Kan. 173, 90 P. 773; International Order, etc., v. Fridia, Tex.Civ. App., 91 S.W.2d 404. See also cases collected in 163 A.L.R. 1217, Note 4; 9 Fletcher Cyc. of Corp. (Perm. Ed.) p. 537, Sec. 4673; 9 Ann.Cas. 181.

16 New Jersey Trust & Safe-Deposit Co. v. Camden Safe-Deposit & Trust Co., supra; Cush v. Allen, supra; Brocalsa Chemical Co. v. Langsenkamp, 6 Cir., 32 F.2d 725–731; Cockley Milling Co. v. Bunn, 75 Ohio St. 270, 79 N.E. 478, 116 Am.St.Rep. 741, 9 Ann.Cas. 179.

were liable to the taking of depositions. The court expressly referred to New Jersey Trust & Safe-Deposit Co. v. Camden Safe-Deposit & Trust Co., 58 N.J.L. 196, 33 A. 475, and other cases drawing the distinction between a corporate party and its officers as to their evidentiary capacity and refused to approve such cases.

In West v. American Telephone & Telegraph Co., 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139, 132 A.L.R. 956, it is said, "State law is to be applied in the federal as well as the state courts and it is the duty of the former in every case to ascertain from all the available data what the state law is and apply it rather than to prescribe a different rule, however superior it may appear from the viewpoint of 'general law' and however much the state rule may have departed from prior decisions of the federal courts." [17]

While In re Denning is not precisely applicable as not involving the statute here material yet its conclusion is clearly relevant. In a pertinent matter before the court it was distinctly held that the evidential limitation or inhibition applicable to a corporate party extended to certain officers or agents of such corporate party. It would seem that the decision constitutes "available data" as to the pertinent Delaware rule of evidence. There is no other available data. An adoption of the rule of competency applied in jurisdictions other than Delaware to the effect that where a corporation is party to a suit by or against executors or administrators the officers of such corporate party are competent to testify as to conversations or transactions with the decedent would be a disregard of all the available data in Delaware and contrary to the rule established for this court.

The motion to open the case to resubmit the proffered testimony must be denied.

[17] The requirement set out in the West case is not affected by cases such as King v. Order of United Commercial Travelers of America, 333 U.S. 153, 68 S.Ct. 488, rehearing denied 333 U.S. 878, 68 S.Ct. 900, or cases therein cited. These cases determine what state courts should be considered whose opinions should be followed by the federal court applying such state law. In the present case the material Delaware decision of In re Denning is a decision of the Superior Court of Delaware. The standing and position of the Superior Court of Delaware as a tribunal whose opinions should be followed by a federal court has been expressly considered by this court, speaking through Judge Leahy, in Stinson v. Edgemoor Iron Works, Inc., D.C.Del., 55 F. Supp. 861.