# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | ) | |
|---|---|---|
| IN RE DOLE FOOD CO., INC. STOCKHOLDER LITIGATION. | ) ) ) | CONSOLIDATED C.A. No. 8703-VCL |
| | ) ) | |
| IN RE APPRAISAL OF DOLE FOOD COMPANY, INC. | ) ) ) | CONSOLIDATED C.A. No. 9079-VCL |

## OPINION

Date Submitted: February 19, 2015
Date Decided: February 27, 2015

Stuart M. Grant, Nathan A. Cook, Bernard C. Devieux, Kimberly A. Evans, GRANT & EISENHOFER, P.A., Wilmington, Delaware; Randall J. Baron, A. Rick Atwood, Jr. Maxwell R. Huffman, ROBBINS GELLER RUDMAN & DOWD LLP, San Diego, California; *Class Counsel for Plaintiffs in In re Dole Food Co., Inc. Stockholder Litigation.*

Stuart M. Grant, Nathan A. Cook, Bernard C. Devieux, Kimberly A. Evans, GRANT & EISENHOFER, P.A., Wilmington, Delaware; *Counsel for Petitioners Hudson Bay Master Fund Ltd., Hudson Bay Merger Arbitrage Opportunities Master Fund Ltd., and Ripe Holdings LLC in In re Appraisal of Dole Food Company, Inc.*

Kevin G. Abrams, J. Peter Shindel, Jr., Daniel R. Ciarrocki, ABRAMS & BAYLISS LLP, Wilmington, Delaware; *Counsel for Petitioners Merion Capital LP, Merion Capital II, LP, Magnetar Capital Master Fund Ltd., Spectrum Opportunities Master Fund Ltd., Magnetar Global Event Driven Master Fund Ltd., and Blackwell Partners LLC in In re Appraisal of Dole Food Company, Inc.*

J. Clayton Athey, Patrick W. Flavin, PRICKETT, JONES & ELLIOTT, P.A., Wilmington, Delaware; Peter M. Stone, Edward Han, PAUL HASTINGS LLP, Palo Alto, California; *Counsel for Defendants David H. Murdock and DFC Holdings, LLC.*

Bruce Silverstein, Elena C. Norman, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware; Andrea E. Neuman, Colin B. Davis, GIBSON, DUNN & CRUTCHER LLP, New York, New York; William B. Dawson, GIBSON, DUNN & CRUTCHER LLP, Dallas, Texas; *Counsel for Defendants C. Michael Carter and David A. DeLorenzo and Respondent Dole Food Company, Inc.*

Stephen C. Norman, Matthew F. Davis, POTTER ANDERSON & CORROON LLP, Wilmington, Delaware; David B. Hennes; Joshua D. Roth; Jesse Ryan Loffler; Andrew B. Cashmore, FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP; *Counsel for Defendants Deutsche Bank AG, New York Branch and Deutsche Bank Securities Inc.*

**LASTER, Vice Chancellor.**

The defendants designated a corporation to serve as their expert witness. The plaintiffs objected, arguing that an expert witness must be a biological person. According to the plaintiffs, the distinction matters because a corporate expert witness could claim to rely on the collective knowledge and experience of all of its employees and agents, while a biological person only can rely on the more limited knowledge and experience that a living mind might accumulate.

This decision holds that an expert witness must be a biological person. The defendants therefore cannot rely on the corporation that they designated. To mitigate the prejudice that the defendants would suffer if forced to proceed without an expert, the defendants may substitute as their testifying expert the biological person whom they intended to call as the corporation's agent to testify on its behalf.

## I.    FACTUAL BACKGROUND

The parties are litigating a breach of fiduciary duty case that has been coordinated with an appraisal proceeding. Both arise out of a take-private transaction involving Dole Food Company, Inc. ("Dole").

On July 5, 2014, the defendants identified Stifel, Nicolaus & Company, Incorporated ("Stifel") as their expert witness on the subject of the Dole's value at the time of the transaction. The defendants served an opening expert report that identified Stifel as its author. They served a rebuttal expert report that did the same. The actual humans who signed the reports were Seth Ferguson, a Stifel managing director, and Michael Securro, another Stifel employee. Neither signed in his personal capacity. Each signed as an authorized representative of Stifel.

1

The plaintiffs noticed a deposition of Stifel pursuant to Rule 30(b)(6). Stifel produced Ferguson as the biological person most knowledgeable about its reports. During the deposition, the plaintiffs sought to explore whether the defendants were distinguishing between Stifel and Ferguson and to determine whether the defendants had really designated a corporation as their expert. When Ferguson claimed authorship of the reports, defense counsel objected, stating "he's not the expert" and representing that "Stifel is the expert."

## II.     LEGAL ANALYSIS

Delaware Rule of Evidence 702 states:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

D.R.E. 702.

Under this rule, an expert witness first must be capable of serving as a witness. Rule 601 states that "[e]very person is competent to be a witness except as otherwise provided in these rules." The plaintiffs focus on the term "person" to argue that the rule only contemplates biological persons, but to facilitate a corporation's role as an economic and commercial actor, the law treats the corporation as if it were a person in many contexts. The sections of the Delaware Code that set forth governing principles of statutory construction include a definition stating that when a provision refers to a "person," the term presumptively includes "corporations, companies, associations, firms,

2

partnerships, societies and joint-stock companies, as well as individuals." 1 *Del. C.* § 302. The definition applies "unless such construction would be inconsistent with the manifest intent of the General Assembly, or repugnant to the Code or to the context of the same statute." *Id.* § 301.

Notwithstanding this definition and the various commercial and economic contexts in which the law appropriately personifies corporations, the Rules of Evidence make clear that a witness must be a biological person. Rule 602 requires that a witness must be able to testify from personal knowledge. *See* D.R.E. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. . . . The rule is subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses."). Rule 603 requires that a witness be able to take an oath or make an affirmation. *See* D.R.E. 603 ("Before testifying, ever witness shall be required to declare that he will testify truthfully, by oath or affirmation administered in a form calculated to awaken his conscience and impress his mind with his duty to do so."). Rule 612 contemplates that a witness has a memory that can be refreshed. *See* D.R.E. 612 ("If, while testifying, a witness uses a writing or object to refresh his memory, an adverse party is entitled to have the writing or object produced at the trial, hearing or deposition in which the witness is testifying."). Rule 615 assumes that a witness can hear the testimony of other witnesses, such that the witness might need to be sequestered. *See* D.R.E. 615 ("At the request of a party the court may order witnesses excluded so that they cannot hear the testimony of other witnesses.").

3

A corporation can do none of these things. "A corporation is an artificial being, invisible, intangible, and existing only in contemplation of law." *Trustees of Dartmouth Coll. v. Woodward*, 17 U.S. 518, 636 (1819). "[B]eing a purely metaphysical creature, having no mind with which to think, no will with which to determine and no voice with which to speak, [a corporation] must depend upon the faculties of natural persons to determine for it its policies and direct the agencies through which they are to be effectuated." *N. Assur. Co. v. Rachlin Clothes Shop*, 125 A. 184, 188 (Del. 1924). Because of its lack of a body and mind, a corporation only can act through human agents.[1] Even the corporation's decisions are not its own, but rather the decisions of the natural persons who control it. *N. Assur.*, 125 A. at 188.

---

[1] *Daimler AG v. Bauman*, 134 S. Ct. 746, 759 (2014) (recognizing that a corporation is "a distinct legal entity" that "can act only through its agents" (internal quotation omitted)); *Braswell v. U.S.*, 487 U.S. 99, 110 (1988) ("Artificial entities such as corporations may act only through their agents."); *Mallinckrodt Chem. Works v. State of Mo. ex rel. Jones*, 238 U.S. 41, 56 (1915) ("Corporations, unlike individuals, derive their very right to exist from the laws of the state; they have perpetual succession; and they act only by agents"); *Transpolymer Indus., Inc. v. Chapel Main Corp.*, 582 A.2d 936 (Del. 1990) (ORDER) ("[A] corporation, being an artificial entity, can only act through its agents"); *E. Shore Natural Gas Co. v. Glasgow Shopping Ctr. Corp.*, 2007 WL 3112476, at *3 (Del. Super. Oct. 3, 2007) ("A corporation can only act through designated agents."); *First State Constr. Co. v. Del. Lumber & Millwork, Inc.*, 1998 WL 439441, at *2 (Del. Super. June 22, 1998) ("[A] corporation can only act through its agents . . . ."); *Shields v. Welshire Dev. Co.*, 144 A.2d 759, 763 (Del. Ch. 1958) ("[A] corporation must act through agents . . . ."); *Atl. Ref. Co. v. Ingalls & Co.*, 185 A. 885, 885 (Del. Super. 1936) ("A corporation necessarily acts through its agents . . . ."); *Joseph Greenspon's Sons Iron & Steel Co. v. Pecos Valley Gas Co.*, 156 A. 350, 351 (Del. Super. 1931) ("A corporation is an artificial being created by law. . . . Being artificial and the mere creature of the law, it can only act by its officers and agents.").

Lacking a voice, a corporation cannot testify. Lacking ears, it cannot hear. Lacking a mind, it cannot have personal knowledge or a memory to be refreshed. Lacking a conscience, it cannot take an oath or provide an affirmation.[2] And because of its incorporeal nature, it cannot even meet Delaware's statutory requirement that a person taking an oath do so "with the uplifted hand." 10 *Del. C.* § 5322.

In addition to failing the requirements for witnesses generally, there are other requirements for expert witnesses that a corporation cannot meet. Rule 703 contemplates that an expert can perceive facts or data. D.R.E. 703 ("The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing."). Rule 702 requires that the expert be "qualified" as such "by knowledge, skill, experience, training or education." The same rule requires that an expert be able to apply "reliable principles and methods" to the facts of the case.

Meeting these requires is beyond a corporation's capabilities. Perceiving facts or data presents an insurmountable challenge. Hearing is not the only sense a corporation

_____

[2] As earlier generations framed it, a corporation has no soul. *See, e.g.*, *Tipling v. Pexall*, 2 Bulst. 233 (1613) ("The opinion of Manwood, Chief Baron, was this, as touching corporations: that they are invisible, immortal, and that they have no soul"); *In re Sutton's Hosp.*, 10 Coke's Rep. 1, 32 (1613) ("A corporation aggregate of many is invisible, immortal, and rests only in intendment and consideration of law. They . . . have no souls . . . ."); 1 WILLIAM BLACKSTONE, COMMENTARIES ON THE LAWS OF ENGLAND 477 (3d ed. 2003) (explaining that a corporation "has no soul"). *See generally* Arthur W. Mechen, Jr., *Corporate Personality*, 24 Harv. L. Rev. 253, 253 (1911) ("From the earliest period of our judicial history, lawyers and judges have reiterated the doctrine that a corporation is an intangible legal entity, without body and without soul.").

lacks. It fares no better with sight, smell, taste, or touch. Only a biological person can gain knowledge, skill, experience, training, and education, and only a biological person can learn to apply principles and methods. Corporations may be said colloquially or metaphorically to have attributes or abilities, but only because biological people have them and deploy them on the corporation's behalf. If the biological people leave, the corporation's competence departs with them. The expertise belongs to the individuals, not the corporation.

A corporation cannot finesse these problems by seeking to testify through an agent, as Stifel tried to do with Ferguson. No one is permitted to testify through an agent. Even a biological person cannot send another person to testify on his behalf. *See* D.R.E. 501 ("Except as otherwise provided by Constitution or statute, or by court decision, or by these or other rules of court, no person has privilege to: (1) Refuse to be a witness . . . ."). And the agent's testimony about what the witness otherwise might have said would be both speculation and hearsay. *See* D.R.E. 802 ("Hearsay is not admissible except as provided by law or by these Rules.").

Notably, the inability of a corporation itself to testify does not mean that the testimony of biological persons who are agents or decision-makers of the corporation will not bind the corporation. For multitudinous purposes the knowledge and actions of a corporation's human decision-makers and agents may be imputed to it. The same is true for biological persons, who can have the knowledge and actions of others attributed to them. To overcome the problem that the corporation itself cannot testify, rules of procedure enable parties to obtain testimony from a knowledgeable corporate

6

representative or to compel a corporation to produce an officer, director, or managing agent whose testimony will bind the entity. *See* Ct. Ch. R. 30-31, 45. Through its jurisdiction over a corporation, a court can compel the biological persons who serve as its directors, officers, and managing agents to appear as witnesses at trial or for a deposition in a particular location.[3] A court also can compel the corporation to produce the biological person or persons who are most knowledgeable about given subjects. *See* Ct.

---

[3] *See In re Activision Blizzard, Inc.*, 86 A.3d 531, 552 (Del. Ch. 2014) ("Through its jurisdiction over Vivendi, this court can compel Vivendi's directors, officers, and managing agents to appear at trial or for a deposition in a particular location."); *Hamilton P'rs, L.P. v. England*, 11 A.3d 1180, 1214 (Del. Ch. 2010) ("[T]hrough its jurisdiction over NYHC and Bio Balance, this Court can compel production of (i) documents in the entities' possession, custody, or control, (ii) corporate representatives pursuant to Rule 30(b)(6), and (iii) officers, directors, and managing agents of the firms pursuant to Rule 30(a)."); *Hoechst Celanese Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 1997 WL 716898, at *1 (Del. Super. Aug. 18, 1997) ("It is within the power of this Court to compel the live testimony of a non-resident officer, director or managing agent of a Delaware corporate [party] which has availed itself to the jurisdiction of this Court."); *Dalton v. Am. Inv. Co.*, 1981 WL 7619, at *1 (Del. Ch. June 9, 1981) (noting court's discretionary authority to order deposition at a particular location); *Lasher v. Sterwin Labs.*, 1980 WL 10017, at *1–2 (Del. Ch. Jan. 28, 1980) (ordering defendant corporation to produce witnesses for deposition in Delaware); 7 Daniel R. Coquillette et. al, *Moore's Federal Practice—Civil* § 30.03 (3d ed. 2013); 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2107 (3d ed. 2010) ("A [third party] subpoena is not necessary if the person to be examined [by deposition] is a party or an officer, director, or managing agent of a party." (footnotes omitted)); *see also* Ct. Ch. R. 43(b) (noting that a party at trial may call "an officer, director or managing agent of a public or private corporation or of a partnership or association which is an adverse party, and interrogate the witness thus called by leading questions and contradict and impeach the witness in all respects as if the witness had been called by the adverse party"). If the natural person who is a director, officer, or managing agent fails to attend, the court can impose sanctions on the corporation. *See* Ct. Ch. R. 37(b)(2); *accord* Fed. R. Civ. P. 37(d) advisory committee's note ("The failure of an officer or managing agent of a party to make discovery as required by present Rule 37(d) is treated as the failure of the party.").

Ch. R. 30(b)(6). But in each case, the witness that testifies is a biological person, not a legal construct.

Given the requirements of the evidentiary rules, I do not believe that a corporation can serve as an expert witness. This interpretation finds support in the few decisions that have addressed the matter.[4] For the contrary proposition, the defendants cite one Delaware case in which the court referred to a corporation as the expert, four additional Delaware cases in which the parties referred to corporations as their experts, and assorted cases from other jurisdictions containing similar references. *See* Dkt. 654 at 5-6. In none

---

[4] *See Essgee Co. of China v. U.S.*, 262 U.S. 151, 157 (1923) ("There was no real *ad testificandum* clause in the subpoena because a corporation could not testify."); *Wilson v. U.S.*, 221 U.S. 361, 372 (1911) ("But the question is also presented whether the subpoena was unauthorized, and hence void, because it was not directed to an individual, but to a corporation. It is urged that its form was unusual and unwarranted, in that it did not require anyone to attend and to testify, but simply directed a corporation, which could not give oral testimony, to produce books."); *Cush v. Allen*, 13 F.2d 299, 301 (D.C. Cir. 1926) ("[A] corporation, because it is an artificial person, is incapable of testifying at all"; it does not "testify by its officers and directors." (quoting *N.J. Trust & Safe Deposit Co. v. Camden Safe Deposit & Trust Co.*, 33 A. 475, 475 (N.J. 1895))); *Villaje Del Rio, Ltd. v. Colina Del Rio, LP*, 2009 WL 1606431, at *9 (W.D. Tex. June 8, 2009) ("[A] party cannot designate a corporation as an expert witness."); *Malibu Consulting Corp. v. Funair Corp.*, 2007 WL 2317263, at *3 (W.D. Tex. Aug. 9, 2007) ("Malibu listed nine corporations as non-retained expert witnesses in the matter without designating a corporate representative. . . . Malibu argues that a 'person' may be a corporation. However, this argument is inconsistent with the requirements of Rule 26. Therefore, the Court GRANTS Funair's motion to strike the expert designations of the [nine corporate] entities."); *In re Med Diversified, Inc.*, 334 B.R. 89, 96 (Bankr. E.D.N.Y. 2005) ("This Court is not prepared to admit an Expert Report submitted by a corporate entity; the person who signs the report has to testify until the admission of his Report for all evidentiary purposes has been stipulated to, which did not occur in this adversary proceeding."); *N.J. Trust & Safe*, 33 A. at 475 ("[A] corporation, because it is an artificial person, is incapable of testifying at all"; it does not "testify by its officers and directors.").

8

of these decisions do the parties appear to have litigated whether a corporation could serve as an expert witness, and the language of the opinions suggests only imprecise phrasing about an uncontested issue.

The conclusion that a corporation cannot serve as an expert witness means that Stifel cannot testify at trial. To avoid the prejudice that the defendants would suffer if forced to proceed without an expert, they may substitute Ferguson. During his deposition, Ferguson claimed Stifel's expert reports as his own, only to be overruled by the defendants' counsel, who insisted that Stifel was the expert witness. As long as Ferguson confirms that he has adopted Stifel's expert reports, then he may testify about their contents. *See Merion Capital, L.P. v. 3M Cogent, Inc.*, 2013 WL 3793896, at *9-10 (Del. Ch. July 8, 2013) (permitting a member of the expert's team to replace the original expert where the replacement expert "read [the previous expert's] expert report, spoke with members of [the previous expert's] team, and ultimately adopted [the previous expert's] conclusions."). The substitution will not disadvantage the plaintiffs, because they received the expert reports that Ferguson signed on Stifel's behalf, deposed Ferguson, and knew that he planned to take the witness stand at trial, albeit as Stifel's mouthpiece.

### III.    CONCLUSION

Ferguson has a body and brain. Assuming he is otherwise qualified, he can serve as an expert witness. Stifel has neither and cannot.

9