# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ADT HOLDINGS, INC., in its individual capacity and as attorney-in-fact for ZONOFF, INC., and ADT LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 2017-0328-JTL |
| MICHAEL HARRIS and BOT HOME AUTOMATION, INC., d/b/a RING.COM, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Date Submitted: September 6, 2017
Date Decided: September 7, 2017

Steven L. Caponi, K&L GATES LLP, Wilmington, Delaware; *Attorney for Plaintiffs.*

Megan Ward Cascio, Lauren Neal Bennett, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; Mark C. Scarsi, Ashlee N. Lin, Katherine R. Pierucci, J. Samuel Payne, MILBANK, TWEED, HADLEY & McCLOY LLP, Los Angeles, California; *Attorneys for Defendants.*

**LASTER, V.C.**

Plaintiffs ADT Holdings, Inc. and ADT LLC (together, "ADT") have filed a motion *in limine* seeking a ruling that would preclude defendant Bot Home Automation, Inc. ("Ring") from offering any evidence that "contradicts or seeks to expand the testimony" of Ring's designated Rule 30(b)(6) witness. The motion is denied.

Rule 30(b)(6) states:

> A party may in the party's notice name as the deponent a public or private corporation or a partnership or association or governmental agency and designate with reasonable particularity the matters on which the examination is requested. The organization so named shall designate 1 or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. The person so designated shall testify as to matters known or reasonably available to the organization.[1]

When a party notices the deposition of an organization pursuant to this rule, "the organization has an obligation to ensure, through the testimony of one witness or multiple witnesses, that the party taking the deposition receives complete responses, based on the organization's full knowledge and any relevant information readily available to it . . . ."[2] "The organization is the deponent . . . , not the witness or witnesses the organization designates to testify on its behalf."[3] The organization testifies through the Rule 30(b)(6) witness. As a result, the deposition testimony of the Rule 30(b)(6) witness "binds" the

---

[1] Ct. Ch. R. 30(b)(6).

[2] *Fitzgerald v. Cantor*, 1999 WL 252748, at *2 (Del. Ch. Apr. 5, 1999).

[3] *Id.*

1

organization, just as the deposition testimony of any other witness is binding on the witness.[4]

The concept of binding the organization "has caused some confusion, prompting litigants to argue . . . that Rule 30(b)(6) testimony is something akin to a judicial admission—a statement that conclusively establishes a fact and estops an opponent from controverting the statement with any other evidence."[5] A minority of federal courts have adopted the judicial admission theory.[6] That is the theory that ADT advances here.

The foundational case for the minority position is *Rainey*,[7] a decision from the United States District Court for the District of Columbia. There, in considering a motion for summary judgment, the district court refused to allow the corporate defendant to submit an affidavit that expanded on issues already addressed in its 30(b)(6) deposition. The district court concluded that "[u]nless it can prove that the information was not known or was inaccessible, a corporation cannot later proffer new or different allegations that could

---

[4] *See, e.g., Keepers, Inc. v. City of Milford*, 807 F.3d 24, 34 (2d Cir. 2015) ("[A]n organization's deposition testimony is 'binding' in the sense that whatever its deponent says can be used against the organization.")

[5] *State Farm Mut. Auto. Ins. Co. v. New Horizons, Inc.*, 250 F.R.D. 203, 212 (E.D. Pa. 2008).

[6] *See, e.g., Estate of Thompson v. Kawasaki Heavy Indus., Ltd.*, 291 F.R.D. 297, 305 (N.D. Iowa 2013); *Dorsey v. TGT Consulting, LLC*, 888 F. Supp. 2d 670, 686 (D. Md. 2012); *Consol. Rail Corp. v. Grand Trunk W. R.R. Co.*, 853 F. Supp. 2d 666, 670 (E.D. Mich. 2012).

[7] *Rainey v. Am. Forest & Paper Ass'n, Inc.*, 26 F. Supp. 2d 82 (D.D.C. 1998).

have been made at the time of the 30(b)(6) deposition."[8] The court explained that the designee "is not simply testifying about matters within his or her own personal knowledge, but rather is 'speaking for the corporation' about matters to which the corporation has reasonable access."[9] The court concluded that preventing the corporation from offering testimony to contradict its Rule 30(b)(6) testimony served to "prevent a corporate defendant from thwarting inquiries during discovery, then staging an ambush during a later phase of the case."[10]

The *Rainey* decision could be read narrowly as applying a version of the "sham affidavit" rule to a corporation. Under this rule, a party cannot create an issue of material fact sufficient to defeat summary judgment by submitting an affidavit that contradicts the party's deposition testimony.[11] The central purpose of Rule 30(b)(6) is to provide a mechanism for identifying a witness through whom an incorporeal entity can testify and hence be subjected to the evidentiary rules applicable to biological persons.[12] Using a Rule

---

[8] *Id.* at 94.

[9] *Id.* (quoting *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996)).

[10] *Id.* at 95.

[11] *See Cain v. Green Tweed & Co., Inc.*, 832 A.2d 737, 740-41 (Del. 2003) (describing sham affidavit doctrine but declining to reach doctrine on facts of case); *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 693 (Del. Super. Ct. 1986) (applying sham affidavit doctrine).

[12] *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2103 (3d ed. 2010) ("Obviously it is not literally possible to take the deposition of a corporation; instead, when a corporation is involved, the information sought must be obtained from a natural person who can speak for the corporation.")

30(b)(6) witness as the vehicle for applying the sham affidavit doctrine to a corporation would achieve this purpose. I prefer to construe *Rainey* that way, but others have read the decision for the broader proposition that a corporation is bound by the testimony of its Rule 30(b)(6) witness such that its counsel cannot introduce other evidence at trial that contradicts the testimony of its Rule 30(b)(6) witness.[13]

The majority view among the federal courts rejects the broad reading of *Rainey* and treats a Rule 30(b)(6) witness like any other witness: "Rule 30(b)(6) testimony is not 'binding' in the sense that it precludes the deponent from correcting, explaining, or supplementing its statements."[14] Like any other witness, a Rule 30(b)(6) witness "is free to testify differently from the way he or she testified in a deposition, albeit at the risk of having his or her credibility impeached by the introduction of the deposition."[15] A lawyer

---

[13] *See, e.g., Wilson v. Lakner*, 228 F.R.D. 524, 530 (D. Md. 2005) (citing *Rainey* for proposition "depending on the nature and extent of the obfuscation, the testimony given by the non-responsive [Rule 30(b)(6)] deponent (*e.g.* 'I don't know') may be deemed 'binding on the corporation' so as to prohibit it from offering contrary evidence at trial").

[14] *Keepers*, 807 F.3d at 34-35; *accord, e.g., A.I. Credit Corp. v. Legion Ins. Co.*, 265 F.3d 630, 637 (7th Cir. 2001); *R & B Appliance Parts, Inc. v. Amana Co., L.P.*, 258 F.3d 783, 786-87 (8th Cir. 2001), *Ozburn-Hessey Logistics, LLC v. 721 Logistics, LLC*, 40 F. Supp. 3d 437, 451 (E.D. Pa. 2014); *Cont'l Cas. Co. v. First Fin. Empl. Leasing, Inc.*, 716 F. Supp. 2d 1176, 1190-91 (M.D. Fla. 2010); *see Indus. Hard Chrome, Ltd. v. Hetran, Inc.*, 92 F. Supp. 2d 786, 791 (N.D. Ill. 2000) (denying motion *in limine* "to exclude evidence which contradicts testimony given during defendants' Rule 30(b)(6) deposition"); *see also* Wright, Miller & Marcus, *supra* note 12 ("Of course, the testimony of the representative designated to speak for the corporation are admissible against it. But as with any other party statement, they are not 'binding' in the sense that the corporation party is forbidden to call the same or another witness to offer different testimony at trial." (footnote omitted)).

[15] *R & B Appliance Parts*, 258 F.3d at 786; *accord, e.g., Keepers*, 807 F.3d at 35 ("Of course, a party whose testimony 'evolves' risks its credibility, but that does not mean

4

representing the corporation who designated the Rule 30(b)(6) witness may offer contradictory testimony or evidence, even if it has the effect of impeaching the testimony of the Rule 30(b)(6) witness. This approach is consistent with Delaware Rule of Evidence 607 and it federal analog, which recognize that "[t]he credibility of a witness may be attacked by any party, including the party calling him."[16]

The majority view fulfills the policy underlying Rule 30(b)(6). To reiterate, the purpose of the rule is to afford comparable treatment to biological and non-biological persons. Permitting a corporation to offer evidence at trial that may contradict its prior testimony places the non-biological person on the same footing as the biological person. There are often sound policy reasons for treating biological and non-biological persons differently.[17] But for purposes of a party's ability to introduce evidence at trial that contradicts its prior testimony, it seems to me that the better approach is to treat biological and non-biological persons similarly.

---

it has violated the Federal Rules of Civil Procedure."); *Lindquist v. City of Pasadena*, 656 F. Supp. 2d 662, 698 (S.D. Tex. 2009) ("Testimony given in a Rule 30(b)(6) deposition is evidence, which, like other deposition testimony, can be contradicted and used for impeachment purposes.").

[16] D.R.E. 607.

[17] *See, e.g., In re Dole Food Co., Inc. S'holder Litig.*, 110 A.3d 1257 (Del. Ch. 2015) (holding that corporation cannot serve as expert witness). *See generally* Leo E. Strine, Jr., *Corporate Power Ratchet: The Courts' Role in Eroding "We The People's" Ability to Constrain our Corporate Creations*, 51 Harv. C.R.-C.L. L. Rev. 423 (2016).

I will apply the majority rule in this case. Consequently, Ring may introduce testimony and other evidence that contradicts or is otherwise inconsistent with the deposition testimony of its Rule 30(b)(6) witness. ADT will be able to rely on the deposition testimony of Ring's Rule 30(b)(6) witness and use that testimony for impeachment. As factfinder, I will have to weigh the evidence and make credibility determinations. For present purposes, it follows that the motion *in limine* is denied.